Judge Ewing
delivered the Opinion of the Court.
Atterberry exhibited his bill against Knox and McKee, absent defendants, as indorsers of a bill of exchange, and attached the steam boat Mediterranean, in which they were charged to have an interest of one fourth.
A decree was rendered for the amount of the bill, and costs, and accruing interest, and the interest of said Knox and McKee decreed to be sold.
It seems that the bond of indemnity directed by the Chancellor, at his chambers, to be given, to secure the defendants' against all damages, in case of the failure of the complainant in his suit, was directed to be executed to the owners of the boat only, and not to, the master, who was in possession of the boat: and he being also made defendant, after he had executed bond and security to have the boat forthcoming to abide the further order of the court, appeared, and moved the court to discharge the order for an attachment, and to quash the bond which he and others had executed. The court overruled both motions, and exceptions were taken.
Although it would certainly have been more regular to have required the bond to be executed to all the defendants, who might, upon any reasonable contingency, have been damnified by the attachment, as well the owners of the boat, as the master, who had her in possession, we perceive no good reason for discharging the restraining order, or quashing the bond, on that account, in this case. The bond for the forthcoming of the boat, had been executed, and the boat permitted to remain with the master; his injury therefore, in any event, could have been very inconsiderable, if he could have sustained any. Besides the statute does not direct that a bond of indemnity shall be executed. It is left to the discretion of the Chancellor; if he, in the- exercise of that discretion. *581 lias directed a bond to be executed to the.owners, it seems that such bond is sufficient for all the purposes of justice, especially in a case like the present, where it does not appear that llussell had any other interest in the boat than a bare naked possession, and where the motion was not made until the case was called up for a decree. But as the case resulted, no damage could have been recovered upon the bond, though it had been executed to him; and it would now be useless for this Court to reverse the decree for this irregularity, if it be admitted to be such, since it did not redound to his prejudice. But the motion, as made, should in no event have been sustained. The fact that no bond was executed to him, could furnish no good reason for quashing the bond for the forthcoming of the boat, or discharging the restraining order, and releasing the boat from the grasp of the Chancellor. All that could have been required was, upon a proper case made out, to make a rule upon the complainant to execute bond also to him.
But there is error in decreeing accruing interest after the redition of the decree. The aggregate amount of principal and interest should have been assessed, in analogy to the judgment in damages, assessed at law in assumpsit.
It is therefore decreed by the Court, that the decree of the Circuit Court be reversed, and the cause remanded, that a decree may be rendered conformably to this opinion.