Spring Term
**1839.**

*Atterberry*
vs
*Knox & McKee.*

To a bill to fore-close a mortgage which some of the members of a partnership have made upon their interest in the stock, their partner is a necessary party.

Wherefore, the decree is reversed and the cause remanded for further proceedings as above directed.

---

CHANCERY.          Atterberry *against* Knox & McKee.

[Messrs. Morehead and Brown, and Mr. Guthrie for plaintiff: Mr. Pirtle for defendants.]

FROM THE CIRCUIT COURT FOR JEFFERSON COUNTY.

*June* 17.          Judge EWING delivered the Opinion of the Court.

Former reversal.    THIS case was formerly before this Court, on the appeal of the present appellees, and will be found reported in 3 *Dana*, 580.

An answer and cross bill filed after the return of the cause to the court below—presenting new facts and questions.

Upon the return of the cause to the Circuit Court, upon the petition of the defendants, as nonresidents, they were permitted to put in their answer; in which they charge, that, before and at the time of making the bill and the endorsements thereon, the complainant was do-

ing business as the agent of the Bank of Maryland, at Wheeling, in the State of Virginia, and received notes of said bank, and was loaning and issuing the same as money, on the usual banking terms, and was then and there doing a banking business, and that the bill of exchange was given at the instance of the complainant, for the accommodation of the drawer, for the loan of said notes, and in which a rate of interest above six per cent. per annum, was exacted and secured contrary to the statute of Virginia; and that said bill was, therefore, null and void.

And, at a subsequent term, the defendants filed an amended answer, in which they amplify the charge made in their former answer, and allege, in more specific terms, that the complainant was the agent of, and associated with, the Bank of Maryland—a banking institution not incorporated in Virginia—in carrying on and doing the business of a bank, in issuing and loaning bills and notes not the currency of the United States; and that said bill was given for the loan of notes or bills issued, as aforesaid, in violation of the statute of Virginia, in such case made and provided. This answer, as well as the original, is made a cross bill, and the complainant required to answer the same, as well as to answer various interrogatories propounded.

Two statutes of Virginia are referred to and exhibited; one verbatim in its terms with our statute of 1798. against usury. 2 *Stat. Law*, 852. The other, "more effectually to prevent the circulation of notes emitted by unchartered banks," enacted the 24th of February, 1816, not only declares null and void all bonds, bills, notes, or other securities, made to such association, or any member, officer or agent thereof, but imposes high penalties and forfeitures upon all concerned in carrying on the business of such banking association, as member, officer or agent thereof.

This cross bill was filed at the April term, 1836, and remaining unanswered or otherwise replied to, was taken for confessed at the June term, 1837, and the cause, upon the argument of the defendants' counsel, submitted to the Court; and upon a subsequent day of

Spring Term
1839.

*Atterberry*
vs
*Knox & McKee.*

A deft. in ch. is not bound to answer any charge in a bill which, if confessed, would subject him to punishment, penalty or forfeiture.

When a party submits to answer, he must answer fully: but to this general rule, there are many exceptions —the most obvious of which, is where the answer might subject the respondent to punishment, fine or forfeiture.

The objection, in such a case, may be saved in the answer; but the better practice is to plead or demur.

When a bill is answered, only such facts as are alleged in the bill & charged or presumed to be with in the respondent's knowledge, but not answered, can be taken as confessed.— But—

When a bill, not answered at all, is taken for confessed for want of an answer, every specific charge is considered as admitted —whether the facts are within the defendant's own knowledge or not, and even tho' the confession might subject the deft. to a criminal prosecution, or forfeiture: not only because the failure to answer is tak-

the term, a decree rendered in bar of the complainant's demand. And the complainant has appealed to this Court.

The cross bill having called upon the complainant for a discovery of matters, which may subject him to pains and penalties, and a forfeiture of his demand—the question is presented whether he was bound to answer, or if he failed to do so, could the matters of the cross bill be taken for confessed, and a decree rendered on such confession, against the complainant's demand.

It is well established, that no one is bound to make answer to, or discovery of, any matter which may subject him to a penalty or forfeiture, or expose him to infamous punishment. *Mitford's Pleadings*, 158, &c.; *Smith* vs. *Read*, 1 *Atk.* 526; *Harrison* vs. *Southcoat*, 1 *Atk.* 528; *Boteler* vs. *Allington*, 3 *Atk.* 453; *Chauncy* vs. *Tahourden*, 2 *Atk.* 392; *Bird* vs. *Hardwick*, 1 *Vern.* 110; *Sharp* vs. *Carter*, 3 *Pr. Williams*, 375; *Wrottesley* vs. *Bendish*, 3 *Pr. Wms.* 236; *Chauncy* vs. *Fenhoulet*, 2 *Ves.* 265; *Lord Uxbridge* vs. *Staveland*, 1 *Ves.* 56.

But how shall a party avail himself of his right to object to a discovery of such matters? It has been held as a rule, that if he submitted to answer, he was bound to answer fully. *Cookson* vs. *Ellison, Bro. Chy. Rep.* and authorities referred to in note *a*; *Cartwright* vs. *Hately, same*, 3 *vol.* 238; *Shepard* vs. *Roberts*, 3 *vol.* 239; *Williams* vs. *Farington*, 2 *Cox*, 202; *Facton* vs. *Brown*, 7 *Ves.* 288; *Taylor* vs. *Milner*, 11 *Ves.* 241.

But there are many exceptions from this rule, and no cases are more clearly excepted from its operation, than those in which the objectionable matter is of that nature, which may subject the respondent to a penalty or forfeiture, or punishment. In such cases, the objection may be saved in the answer. 1 *John. Chy. Reps.* 65, *Phelps* vs. *Prevost*, 4 *John. Chy. Reps.* 214, note to the case of *Cookson* vs. *Ellison, supra.*

But the better practice is certainly to plead or demur.

But if no answer, plea or demurrer be put in, how shall such matter be disposed of? Shall the bill be taken for confessed for that, as well as other matters alleged? Or shall such matter be treated by the Court, as objec-

tionable, and to which the respondent is not bound to make discovery, and the bill be taken for confessed only, for the other matters to which he may be bound to make discovery?

In our researches, we have been able to find no case in which, if a bill has been taken for confessed, it has not been taken for confessed for *all* the specific charges made, whether those charges are of a character which involve in them a forfeiture or penalty, or not. The practice has always been, at the proper stage, to take *all* for confessed, unless the defendant be an infant or lunatic, or for some other cause be incapable of defending.

And on principle, we perceive no reason why it should not be so. The failure to answer or appear and make defence, is not only a *contempt*, or *quasi* contempt, to the authority of the Court, but also implies a *concession* of the matters alleged, and a *waiver* of all objection to a decree upon them. Hence, it has been repeatedly settled that, if an answer be put in, the bill can be taken for confessed only, for those matters not responded to, which are charged, or are presumed, to be within the knowledge of the respondent. But if he fail to answer at all, it may be taken for confessed for those matters not charged, or presumed to be within his knowledge, as well as those which are.

Formerly, a bill could not be taken for confessed until the defendant had been pursued by the various steps for contempt, to sequestration. But now, by our statute, the confession may be taken, upon his failure to answer, at the next Court succeeding the one at which the subpœna may have been returned executed. But for his failure to answer them, he is in contempt, and an attachment may be sued out against him to coerce an answer. And in many cases, it may be necessary to take this course, as the matters alleged may be confined to the knowledge of the defendant, and the complainant be unable to make the charges of his bill sufficiently specific to entitle him to a decree, upon confession, with-

be unable to make his allegations so specific as to authorize a decree, without a discovery.

out extracting them from the conscience of the defendant. But being in contempt for failing or refusing to answer, where the allegations are sufficiently specific, it would seem proper, as a just penalty for his contempt, as well as from the concession and waiver of objection implied in his failure or refusal—to take the bill *pro confesso*, in it broadest latitude.

We, therefore, conclude, whenever a bill is taken *pro confesso*, the whole of the matters charged, whether they involve a penalty, forfeiture, infamous punishment or not, or are confined to the knowledge of the defendant or not, are taken as true, and a decree pronounced upon them as if they were true.

If, therefore, the matters charged in the cross bill be taken as true, they exhibit a state of case which shows, most clearly, that the complainant ought not to have a decree.

To a bill in ch. to subject the property of non-residents to the payment of a bill of exchange indorsed by them, they answer,&charge, that the bill was negotiated for a loan made at Wheeling Va. by the compt. as an agent transacting banking business for *the Bank of Md.* contrary to a statute of Va. prohibiting banking in that State, by any association &c. not there incorporated; & by which the bills notes and bonds, so passed, are declared null and void, and all concerned as agents &c. are liable to heavy penalties. The compt. being required to answer this cross bill, and failing to do so—its allegations might be taken as confessed, and the demand asserted in the bill, and the attachment, defeated.—But the Bank of Maryland is an indispensable party.

We deem it unnecessary to determine whether the complainant would, or would not, have been entitled to a decree for the principal, without interest, upon taking the bill for confessed under the operation of the saving in the first mentioned statute—as by the latter statute, the security is declared void as to *principal* and *interest* without any saving in case of discovery in chancery.

But if the allegations of the cross bill be true, the Bank of Maryland was a necessary party. According to those allegations, the bank was the principal in interest in the bill, and the complainant the mere agent associated in interest with the bank. If so, her interest is directly involved in the controversy, and should not be concluded without giving her an opportunity to be heard. That institution should, therefore, have been brought before the Court, on the cross bill, and it was premature and irregular to take the matters alleged as true, and try the cause without it.

It is, therefore, the opinion of the Court, that the decree of the Circuit Court be reversed, and cause remanded, that the Bank of Maryland may be brought before the Court, and further proceedings be had.