## Atterberry *vs* Knox & McKee.

ERROR TO THE JEFFERSON CIRCUIT.

*Banking associations. Depositions.*

CHIEF JUSTICE EWING delivered the opinion of the Court.

THIS is the third time this case has been brought to this Court. The matters involved in the issues between the parties, will be understood by a reference to the case when it was last here, reported in 8 *Dana*, 282. It was then reversed because the Bank of Maryland, which was then deemed interested in the controversy, had not been brought before the Court on the cross bill.

On the return of the case, the cross bill was amended, and it was charged that said Bank had then no interest in the bills of exchange in contest, but they belonged exclusively to the complainants. As the only information we had of the interest of the Bank, was deduced from the

Demurrer to answer and cross bill only good to the same so far as made a cross bill.

allegations of the cross bill, and as, by the amendment, that deduction is now counteracted, and as the bills are held and claimed by the complainant, in his own right, and the suit prosecuted for his own benefit, and he is exercising the entire control over them, and is seeking to coerce the payment in his own name and right, we do not feel warranted in further delaying the cause, in order to bring the Bank of Maryland before the Court, and especially as the defendants now rest their defence on the allegations of their cross bill as an *answer* only, and not as a cross bill. The complainant, upon the return of the cause, filed a demurrer to the cross bill, upon which there seems to have been no direct action of the Court. But had it been sustained, the order of the Court sustaining it could not have had the effect to overrule the matters set up as an *answer*, but only to overrule them as a cross bill, to which the complainant was bound to respond, or to excuse himself from answering. Treating the matters alledged as an answer only, and giving to the demurrer all the effect which it could have had, in case it had been sustained, if there is enough in the record to sustain the decree dismissing the bills, it ought not to be reversed. The facts charged in the answer are fully sustained by the proof, if the objections raised in this Court to the depositions in the record are not sustainable.

There seems to have been exceptions to them, filed in the papers of the cause: but those exceptions seem never to have been disposed of or acted upon by the Court, from any thing that appears in the record. We must, therefore, regard them as waived within the rule settled by this Court in the case of *Paul* vs *Rogers*, (5 *Monroe*, 164.)

We cannot sanction the construction contended for by the counsel of the appellant, that the statute of Virginia applied only to incorporated banking companies or associations in the state, and had no application to companies or associations acting under the authority of a Bank incorporated in another State, as the Bank of Maryland, which was regularly incorporated by the State of Maryland.

ATTERBERRY
*vs*
KNOX & McKEE.

Exceptions to depositions filed, but not decided by the inferior Court, will be considered as waived.

The state of Maryland has no authority to charter a Bank with authority to establish agencies in Virginia, in opposition to her statute against unchartered institutions acting within the state.

The statute is coextensive with the limits of Virginia, and its denunciations against all unchartered companies or associations, acting within the limits of the State; and all companies, agencies, officers or associations, assuming to act within the limits of the State, in the emission of bills, the discounting of notes, bills of exchange or other securities for money, or otherwise doing or transacting the business of a Bank within the limits of the State, and not deriving a charter from the Commonwealth of Virginia, or some power having constitutional authority to confer corporate powers, so to act and do business within the limits of the State, are *unchartered* associations within the contemplation of the statute, and subject to its denunciations. Maryland had no power to charter a Bank and give to it the authority to establish agencies, companies or associations, to do the business of banking within the limits of Virginia; and such agencies, associations or companies, assuming to act, must be deemed *unchartered*, within the contemplation of the act. They have no corporate powers within the limits of Virginia, and are as much unincorporated associations as if they had assumed to act without color of authority.

The decree of the Circuit Court is, therefore, affirmed with costs.

*Fry & Pope and Guthrie* for plaintiff: *Pirtle and Duncan* for defendants.

