Judge Gkaham
delivered the opinion, of tlie Court.
Addison and Clendennin being indebted to the Commercial Bank of New Orleans, an incorporated institution in Louisiana, Clendennin, one of the firm, made his mortgage, dated 1st June, 1840, on a house and lot to secure the payment of the note of Addison & Clendennin for that sum, payable four months after the date of the mortgage, “ and each and every renewal of the said note or debt for the .whole, or in part, as may be agreed upon, by the parties hereto, (the mortgage,) or to said note, at the time when the said note, or renewal or renewals thereof, shall become due and payable, according to the tenor and effect of said note, or the renewal or renewals thereof.” Clendennin afterwards mortgaged the same property to Handy, to secure him in large sums of money due to him from the same firm. The property being supposed to be insufficient to pay the demands of both creditors, Handy insists that the Bank has lost its lien, by the arrangements and conduct of the parties since the execution of the mortgage* The facts, as presented in the record, are, that when the note of $3338 58 became due, a new note, payable to Hall, the Cashier of the Bank, was executed for $2938 00, discounted by the Bank, and its proceeds applied to the first note, interest being paid in advance. When the last note fell due, another note to Hall, for $2500 00, dated 1st February, 1841, was discounted, and its proceeds applied to pay the note for $2938 00. When the note for $2500 00 fell due, another note was executed to Hall, the Cashier, for $2100 00, dated 1st June, 1841, and payable four months after date, was *99 discounted by the Bank, and its proceeds applied to pay the note immediately preceding it. Other payments Were irom time to time made, so as to reduce 'amount due from Addison & Clendennin to the Bank, to the sum for which the several notes mentioned were executed.
All these notes, except the first, were actually made and executed in Louisville, in this State, but were discounted by the Bank at New Orleans. It is argued by the plaintiff’s counsel, that as the Bank is an institution not incorporated by the Legislature of this State ; and as Hall acted as their agent in this State, each renewal of the notes was, in law, a new loan, and the transactions are contrary to the prohibitions of the act of 1812; that it was, in fact, a discounting of paper and lending of money, by that act prohibited. In support of this view, we are referred to the case of Atterberry vs Knox McKee, (8 Dana, 282; and 4 B. Monroe, 90.) In that case the Bank of Maryland had an agent at Wheeling, in Virginia, “ who received notes of said Bank, loaned and issued the same as money, on the usual banking terms, and was then and there doing a banking business.” It was decided that a note executed to the Bank, in consideration of such loaning, was null and void, being in violation of a Virginia act, very similar in its provisions to the act of the Kentucky Legislature on the same subject. In this case, no notes of the Bank were issued or received, and no new loan was in fact made. It is true, the case of Letcher vs Bank of Commonweath, (3 J. J. Marshall, 195, and 1 Dana, 84,) decides, that when a Bank discounts a note for the purpose of renewing a former loan, in the usual way, each renewal is to be regarded as a new contract, and the new notes are equivalent to paying the existing debt, and again borrowing the money : (4 J. J. Marshall, 3.) In the cases referred to, the Bank had sued on the old notes, and the defendant, on the plea of payment, relied on the new notes as proof of the truth of his plea. In this case, however, the parties have, in their deed of mortgage, ex *100 pressly provided for the renewal of notes, and have stipulated that the lien shall be continued for the payment of each renewal note. It is, therefore, unlike the cases referred to, and is like giving notes for the same consideration to the same person : (1 Dana, 85.)
A negotiable note was given to one payable at a bank in a sister State secured by mortgage as well as all notes given byway of renew — held thatthe mortgage was valid and not in violation of any statute of Kentucky.
Duncan Sf Ripley for plaintiff; Fry and Page for defendant.
We concur with the Court below, in the opinion that this transaction is not embraced by the act referred to, and that the new notes were but renewals of the old note, as agreed upon by the. parties in the mortgage. But if the new notes, made in this State, were in violation of the law, then being null and void, they could not be relied upon as annulling the note secured by the mortgage, that note having been executed in' Louisiana, and not in this State. That note can, therefore be, and should be upheld as a valid instrument in equity/subject, however, to be reduced by the payments subsequently made.
The decree of the Chancellor being in accordance with the views herein expressed, it is, therefore, affirmed.