## WM. L. WALLER *v.* W. JAY JOHNSON, &C.

**Depositions—Exceptions—Retaking.**

　　Where a right to retake depositions is granted, the former having been suppressed on the ground of having been taken before the time allowed by law, exceptions sustained thereto, held to be a mere irregularity, which was cured by the retaking of the depositions.

**Husband and Wife—Married Woman's Estate Not Liable for Necessities.**

　　Under the statute (2 R. S., p. 8), to bind a married woman's estate for

necessities, it is essential that the credit originally should be given to her, and not to her husband alone.

**Pleading—Petition—Allegations to Affect Married Woman's Estate for Necessities.**

In an action to subject a married woman's estate for necessities, it is necessary to allege in the petition that the credit was originally given to her, for herself or family.

**Same.**

An allegation that she signed a note with the object and intent to charge her estate with the payment of the debt, or "was borrowed for necessaries, and used by the defendants," held insufficient to authorize the deduction that the wife borrowed the money for her own use, or for her family.

**Same—Proof—Action on Joint Note of Husband and Wife.**

In an action on the joint note of a husband and wife, it devolves on the party seeking to charge the wife's estate therewith, to repel the presumption that the debt is that of the husband alone, by a direct averment of the necessary statutory facts to bind the wife.

APPEAL FROM LOUISVILLE CHANCERY COURT.

October 29, 1870.

OPINION OF THE COURT BY JUDGE PETERS:

It is alleged in the original petition of appellant that the "defendants," W. Jay Johnson and Anna B. Johnson, being indebted to him in the sum of $1500, promised to pay the same by their certain promissory note, &c. It is also alleged therein that the defendants were non-residents and owned as tenants, in common with others, a tract of land in Jefferson county, and an attachment was prayed for against their property, which was obtained, and levied on the land of the defendant, Anna B. Johnson.

This petition was answered, and Mrs. Johnson set up, and relied on her coverture as her only ground of defense.

Appellant then amended his petition, and averred that the object and interest of Mrs. Johnson in signing the note sued on was to charge her estate with the payment of plaintiff's debt of $1500. That the said $1500 was borrowed for necessaries and used by the defendants, W. Jay Johnson and Anna B. Johnson, on

the faith that said Anna B. Johnson was the owner of said real estate.

The court below, on final hearing, dismissed the petition. And to revise and reverse that judgment, this appeal is prosecuted.

The first objection made in the brief of appellant's attorney, to the proceedings, is that Anna B. Johnson's exceptions to the depositions of J. M. Evans, G. M. Martin, W. T. Martin and A. F. Pence, were sustained, upon the ground that they had been taken before the law permitted them to be taken, and without notice, or rather that is the language of one of the exceptions, and the depositions seem to have been suppressed on the ground that they were taken before the party had by law the right to take them.

In reply to that objection it is proper to say that leave was granted appellant to retake the depositions, they were retaken, and if the court below erred in sustaining the exceptions to them, it was a mere irregularity in the progress of the cause, which was cured by retaking the depositions and from which no such injury resulted to appellant as would authorize a reversal. Knox and McKee v. Atterberry, 3 Dana, 580.

As to Mrs. Johnson, the judgment must be sustained on two grounds.

First. The statute subjects the real estate of a married woman to such debts contracted by her.

> "After marriage on account of necessaries for herself or any member of her family, her husband included, as shall be evidenced by writing signed by her and her husband." 2 R. S., p. 8.

And this court in construing this statute in McMahon v. Lewis, 4 Bush, 138, held that whilst under our statute a married woman having estate, may bind herself for necessaries it is essential that the credit originally should be given to her, and not to her husband alone, for if to him alone, she will not then be an original debtor, but a mere surety.

Now there is nothing in the amended petition from which it can be fairly inferred that this debt was originally contracted by Mrs. Johnson for necessaries for herself, or family, or that the credit was originally given to her, the averment that she signed the note, with the object and intent to charge her estate with the payment of the debt, is not at all inconsistent with the assumption,

or fact, that he debt was contracted by her husband, and was in fact his debt. Nor does the allegation that the money "was borrowed for necessaries, and used by the defendants" authorize the deduction that the wife borrowed it, even if it were loaned on the faith that she was the owner of said real estate.

The legal presumption, in the absence of any direct allegation to the contrary, is that the husband, and not the wife, is the actor in such transactions, and it devolves on the party seeking to charge her estate to repel that presumption by a direct averment of all the facts necessary under the statute to charge her, or her estate. And may it not be truthfully said that the facts stated in the amended petition tend rather to fortify than repel this conclusion, at all events, they are insufficient to render her real estate liable for this debt.

Second. The evidence is not sufficient to render Mrs. Johnson, or her estate, liable for this debt, even if the pleadings were.

The fact is not controverted that the note sued on was given in lieu of one for the same amount, bearing the same date and given at the same place, viz: Memphis, Tenn., by Mrs. Johnson alone, and to secure which a mortgage was given on a wharf boat, by her trustee, John Thruston; the note given by Mrs. Johnson alone was represented to have been lost, and perhaps for a time was lost, and the one sued on given in its place at the request of appellant. It is evident therefore, that the first note was neither given for, nor accepted as evidence of a debt contracted by Mrs. Johnson for necessaries for herself or family. It was not signed by her husband and herself, as required by the statute, and was secured by a mortgage, and could not have been a charge on her real estate.

Moreover, although some of the witnesses of appellant prove that he paid money on some orders drawn on him by Mrs. Johnson, and occasionally advanced money to her, not in large sums, yet none of them were present when the note sued on was given, and do not know whether the amounts advanced to Mrs. Johnson, and paid on her orders, were embraced in the note or not. And Martin who was more familiar with the business than either of the other witnesses, on cross eamination says he does not know what was the consideration of the note. And appellant failed to show that the credit was originally given to Mrs. Johnson, when if the fact had been so, he could have done it.

Appellant neither by his pleading nor proof, showed himself

entitled to any relief as against Mrs. Johnson, and the judgment dismissing the petition as to her, is to that etxent, approved and affirmed, the dismissal of the petition operated as a discharge of the attachment.

But no reason is perceived why appellant should not have had judgment against Wm. J. Johnson. The original petition stated facts constituting a good cause of action against him, he appeared and filed his answer to that petition, but presented no defense to the action as to himself, and judgment should have been rendered against him.

Wherefore the judgment dismissing the petition as to Wm. Jay Johnson is reversed, and cause remanded with directions to render *judgment* against him for the amount of the note sued on and costs, and for further proceedings consistent herewith.

*Stratton, for appellant.*
*Pope, for appellees.*