*Johnson,* for appellant.

*Muir & Wickliffe,* for appellee.

---

R. H. Bishop & Co. *v.* M. H. McKee, &c.

**Accounts—Acceptance of Note as Payment—Best Evidence.**
　　For an account of M. a creditor accepted through his agent, the note of V., giving the following receipt: "Received J. T. Vanarsdale's note one day, date, for above amount being in full. R. M. Bishop & Co., H. C. T." In an action against M. on the account, held, the receipt was the best evidence of the acceptance of the note in full payment.

**Same—Payment.**
　　The acceptance on an account, of a note of a third party, is a good defense of payment of the account.

APPEAL FROM MERCER CIRCUIT COURT.

December 10, 1870.

OPINION OF THE COURT BY JUDGE HARDIN:

The appellee, M. H. McKee, residing in Harrodsburg, Ky., and conducting a retail grocery and confectionary business, mainly through the agency of her son-in-law, James S. Vanarsdale, became indebted to the appellants, who were wholesale grocers of Cincinnati, Ohio, in an account of $1,716.68, for which, in June, 1866, H. C. Threlkeld, their authorized agent, accepted the promissory note of Vanarsdale and executed and delivered to him for Mrs. McKee, the following receipt, appended to a statement of the account: "Received J. T. Vanarsdale's note one day—date for above amount being in full.   R. M. Bishop & Co.—H. C. T."

Without cancelling or offering to return the note of Vanarsdale, but assuming to hold it as collateral security for the original debt, the appellants instituted this suit in March, 1869, to recover of Mrs. McKee $1,000, of the same account, and sued out an attachment against her property, Vanarsdale and others being made parties to the action only as garnishees and claimants of the attached effects.

The principal ground of the defense, and the only one which we need to consider, was that the acceptance of the note of Vanarsdale constituted a valid payment and satisfaction of the original debt, and was, therefore, a bar to the action, and this defense being sustained by the court, the petition was dismissed, and the attachment discharged, and the plaintiffs have appealed to this court.

It was not sought to avoid the settlement made by Thelkeld, as fraudulent, nor does the evidence authorize the conclusion that it was so; but the main question in relation to it was whether the note of Vanarsdale was taken as a satisfaction and in payment of the account, or as security merely.

The testimony of Threlkeld, taken apparently without the receipt before him, and which is not consistent with its tenor and effect, conduces to prove that the adjustment made by him was not intended to absolve the appellee from her liability on the account, but the plain import of the receipt, as well as some corroborative evidence, authorizes an opposite conclusion; and as it is not shown nor even alleged that the receipt was executed under any mistake as to what it contained, we must regard it as furnishing the best evidence of the agreement of the parties.

The acceptance of the promissory note of a *third person* will generally support the defense of payment; and we observe nothing in this case to make it an exception to this general rule (2 Greenleaf on Ev., section 523; Tomlin vs. McChord's Admrs., 6 J. J. Marshall 1; Letcher vs. Bank of the Commonwealth, 1 Dana 82).

Wherefore, the judgment is affirmed.

*Hardin,* for appellants.

*Kyle, Thompsons, Hardin, J. D. Hardin,* for appellees.