KENTUCKY NATIONAL BANK *v.* BANK OF LOUISVILLE.

[Abstract Kentucky Law Reporter, Vol. 1—400.]

### Mortgage to Secure Pre-existing Debt.

Where a mortgage is executed by a corporation to its president to secure him in his future indorsement of the corporation's paper, and to enable it to continue to conduct its business and secure money for that purpose, and a note of $3,000 held by the bank, upon which the mortgagee is surety, evidencing a debt of the corporation existing prior to the mortgage, is presented for payment, $500 paid thereon, and the mortgage shown to the bank, and it thereby induced to accept a renewal for the remainder of the debt, such renewal note is secured by such mortgage, and the mortgagee is estopped by the representations made to the creditor at the time of the renewal of the note, on the faith of which the bank was induced to renew it and give further time, to controvert its right to resort to the mortgage as security for the note.

APPEAL FROM LOUISVILLE CHANCERY COURT.

November 9, 1880.

OPINION BY JUDGE COFER:

The Hackett Mfg. Co., desiring to borrow money, executed a mortgage to J. C. Metcalfe, who was expected to become its surety and endorser. The mortgage recites that: "Whereas, the Hackett Manufacturing Company wishes and expects to borrow, for use in its business, divers sums of money, not exceeding thirty thousand dollars, with the aid of Dr. J. C. Metcalfe, as its endorser or surety, it hereby conveys to him two lots," describing them.

The defeasance is in these words: "But if said company shall pay all notes and bills of exchange, not exceeding thirty thousand dollars, for which said Metcalfe may become liable as its endorser or surety for money borrowed by it during one year next after the date of this conveyance, or all notes or bills of exchange upon which he may become liable for the purpose of renewing or paying in whole or in part liabilities so incurred by him, and shall save him harmless from any liability so incurred, this conveyance shall become void." The mortgage is dated July 10, 1875.

At the time of the execution of the mortgage the Hackett company was indebted to the Bank of Louisville in the sum of $3,000, evidenced by note on which Metcalfe was bound as surety. The note matured August 2, thereafter, and upon being applied to the bank refused to allow the note to be renewed, but upon being in-

formed of the mortgage by Metcalfe, who was president of the company, and being assured that the payment of the renewal note would be secured by it, the bank consented to accept a payment of $500, and a new note for the balance, the amount for which Metcalfe was then bound being represented to be greatly less than $30,000.

Prior to that time the Company had borrowed $10,000 on other paper endorsed by Metcalfe and now held by the Kentucky National Bank. The mortgage property having proved insufficient to pay both banks, the sole question presented in this appeal is whether the debt due to the Bank of Louisville is secured by the mortgage. It is contended that it is not, because the language of the mortgage only applies to debts for money thereafter borrowed, for which Metcalfe should become liable as surety or endorser, and that the note to the Bank of Louisville is for a part of a pre-existing debt and not for money borrowed after the mortgage was made.

On the other hand, it is contended that the execution of the new note was practically a borrowing of that amount of money with which to pay the old note; that the mortgage was made to raise money to be used in the business of the company; that the payment of its debts was necessary to preserve its credit and to enable it to carry on business, and that it is immaterial what the form of the transaction was.

The circumstances under which the new note was executed were these: The bank was applied to to permit the note to be renewed. This was declined. Metcalfe then exhibited the mortgage to the president of the bank and proposed to him that the bank should discount a note for $2,500, the proceeds to be applied to take up the old note, telling him that the note for $2,500 would be perfectly secure, as it would be covered by the mortgage. Relying upon this the bank accepted the new note and applied the proceeds toward paying the old one.

Whether this was technically lending money and the creation of a new debt, as held in *Castleman v. Holmes,* 4 J. J. Marsh. 1; and in *Letcher v. Bank of Commonwealth,* 1 Dana 82, or the mere giving of new evidence of an old debt as held in other classes of cases, we do not deem it very material to inquire. Having regard to the purpose for which the mortgage was executed, and the circumstances under which the note was given and accepted by the bank, we think it is secured by the mortgage.

The chancellor will look to the substance rather than to the mere

form of transactions. The purpose was to provide money to be used in the business of the company. It was necessary that its debts should be met, and if the form of discounting the note and passing the money over the counter of the company had been gone through and the money immediately handed back in payment of the old note, all would admit that the note would be secured by the mortgage. This is, in substance, what was done, and accomplished all that would have been accomplished if there had been a formal lending and borrowing.

Moreover, the mortgage is not made to the appellant. Metcalfe is the only mortgagee, and whatever rights the appellant has under it is derived through him. He would be estopped by the representations made to the president of the bank, on the faith of which the bank was induced to renew the note and give further time, to controvert its right to resort to the mortgage as security for the note; and it may well be questioned whether the appellant, who is compelled to come into a court of equity to be subrogated to the rights of Metcalfe, has any greater right in this respect than he would have.

Wherefore the judgment is *affirmed.*

*Barr, Goodloe & Humphrey, for appellant.*

*Hamilton Pope, for appellee.*