PLATT and Others *v.* JUDSON.

A judgment was confessed to defraud a creditor, on which an execution was issued, and a sale made of the debtor's real estate—the purchaser having notice of the fraud. On a bill filed by the creditor intended to be defrauded, (who, in the mean time, had obtained a judgment for his demand,) the proceedings were set aside.

A decree *pro confesso* against a non-resident defendant, is not objectionable on account of its having been taken on the first day of the term,—it appearing that the Court was satisfied, that due publication had been made agreeably to the order of the Court.

If the charges in the bill be sufficiently explicit, the complainant, after a decree *pro confesso,* may have a final decree without the production of proof.

ERROR to the *Dearborn* Circuit Court.

BLACKFORD, J.—This was a case in chancery, in which *Judson* was the complainant, and *A. Platt, M. Platt, Lane,* and *Jennison,.* were defendants. The principal facts in the case, according to the bill, answers, and exhibits, are believed to be as follows:

In *November,* 1829, *Judson* commenced a suit in the *Dearborn* Circuit Court, on a note for 339 dollars and 92 cents, against *A. Platt,* who, at that time, owned a tract of land in *Dearborn* county. In *February,* 1830, *Lane,* an attorney, at the request of *A. Platt,* commenced a suit in the name of *Jennison,* as plaintiff, in the *Dearborn* Circuit Court, against *A. Platt,* on a note alleged by *A. Platt* to have been given by himself to *Jennison.* On the 1st day of the *April* term, 1830, to which term the writs in both suits were returnable, *A. Platt* confessed a judgment in the suit he had caused to be brought against himself in favour of *Jennison;* and, by means of an affidavit, procured a continuance of the cause brought against him by *Judson.* *A. Platt* represented to *Lane,* the attorney, that *Jennison* had sent the note to him, *A. Platt,* from the state of *Vermont,* enclosed in a letter which stated that the note should be for the benefit of *M. Platt,* the son of *A. Platt.*

On the judgment confessed in favour of *Jennison, A. Platt* caused an execution to issue, and his land to be thereupon sold by the sheriff. His son, *M. Platt,* was the purchaser. The sheriff executed a deed for the land to *M. Platt;* but there was

no part of the purchase-money paid by *M. Platt* or by any other person, either to the sheriff or to any one else; nor did the sheriff pay any part of the purchase-money to *Lane*, the attorney, or to any other person. Afterwards, at the *October* term, 1830, *A. Platt* confessed a judgment in the suit brought against him by *Judson*. On this judgment an execution issued, and the same land that had been sold on the previous judgment, was again sold under *Judson's* execution and purchased by him. *A. Platt*, who occupied the land previously to any of these transactions, still continues in possession. The note, alleged by *A. Platt* to have been given by him to *Jennison*, was not produced, nor was the letter produced in which *A. Platt* says the note was enclosed to him by *Jennison;* nor was the absence either of the note or of the letter in any way accounted for. There is no evidence whatever, that *Jennison* wrote the letter in which *A. Platt* says the note was sent to him; nor do we know what were the contents of that letter, except so far as *A. Platt* has thought proper to divulge them.

The bill charges that the commencing of the suit against *A. Platt* in favour of *Jennison*, the confession of the judgment by *A. Platt* in the suit, and the purchase of the land by his son, *M. Platt*, were fraudulent and void as to *Judson;* and were intended by the defendants, fraudulently, to secure the land of *A. Platt* to his own use, against the just debt of *Judson*.

The subpœna in this cause, being returned "not found" as to *Jennison*, and publication of the pendency of the suit having been made, the bill as to *Jennison*, who did not appear, was taken *pro confesso*. The other defendants answered and denied all fraud. The Circuit Court decreed that the judgment in favour of *Jennison*, the execution, sheriff's sale and deed to *M. Platt*, and all the other proceedings under that judgment, should be set aside as fraudulent and void as to *Judson;* and that the land should be subject to an execution to be issued on *Judson's* judgment. It was further decreed, that the complainant should recover costs against *Jennison*, and should pay costs to the other defendants.

There are only two of the defendants in this cause, whom the Court can recognize as being interested in supporting the judgment in favour of *Jennison*. One of them is *Jennison*, because he, if any one, was entitled to the debt; and *M. Platt* is the other, he having purchased the land under the judgment.

*A. Platt* cannot be interested in the support of the judgment against himself, if it be not fraudulent; and there is nothing to show that *Lane*, the attorney, had any interest in it.

The case is a very short one. There are no depositions. *Jennison* has permitted the bill to be taken as confessed; and *M. Platt*, in his answer, says nothing that can sustain his purchase. *M. Platt*, indeed, seems to have been merely the instrument used by his father, to effect the fraudulent design of securing the latter's land against the debt due from him to *Judson*. *M. Platt* admits that he never paid any part of the purchase-money for the land; and that his father still continues in possession. We are satisfied, that *M. Platt* was not a *bona fide* purchaser for a valuable consideration. Whether, if he had been such a purchaser, he could hold the land if the judgment be fraudulent and void, we shall not now stop to inquire.

It is contended, that the judgment itself was recovered for the benefit of *M. Platt*. It is only necessary in reply to this, to observe that *M. Platt* does not pretend, in his answer, to any property in the judgment. He says, that he never knew nor heard any thing of the note to *Jennison*, until after the commencement of the suit on it against his father; that he has no personal knowledge of *Jennison*; nor does he of his own knowledge know how or when the note came into the hands of *Lane*, the attorney who brought the suit. He says further, that he is wholly without information, whether *Jennison* intended the claim as a gift to him or not; and that he expects to pay the claim if ever called upon by *Jennison* or his heirs. It is in vain to contend, in the face of this statement by *M. Platt* himself, that he has any property in the judgment.

The other defendant, *Jennison*, who is interested in sustaining the judgment, has suffered the bill to be taken *pro confesso;* and a final decree has been, without proof, rendered against him. There are two objections made to the decree against *Jennison*.

The first is, that it was entered on the first day of the term, when the defendant had the right to answer at any time during the term. The order made at the *March* term, 1831, is, that the notice be published for four weeks successively, requiring the defendant to appear at the then next term of the Court. The entry made on the first day of the next term after the order, is, that the complainant having proved to the satisfaction of the Court, that due notice, &c. had been given agreeably to the

order of the Court, therefore, &c. We see no ground for any objection to this proceeding. The publication having been duly made according to the order of the Court, must be presumed to have been made at the proper time before the first day of the Court; and, if so, the decree was correctly entered on that day.

The second objection is, that the final decree was rendered without proof. This question was discussed in this Court in the case of *Pegg* v. *Davis*, *November* term, 1829. The decision was, that when the charges in the bill are sufficiently explicit, the complainant, after a decree *pro confesso*, may have a final decree without the production of proof. In a very late *English* case, the Court says, that "the effect of taking a bill *pro confesso* is, that all the facts stated in the bill are taken to be true, as against the defendant." *Landon* v. *Ready*, 1 Simons & Stuart, 44. This we consider to be the law; and we conceive, therefore, that it was not incumbent on the complainant in this suit, to introduce proof against *Jennison* after the decree *pro confesso*. The facts contained in the bill are amply sufficient, and are stated with the necessary precision, to warrant the decree made by the Circuit Court; and those facts must be considered, under the circumstances of the case and the provisions of the statute, as confessed by *Jennison* to be true.

It appears to us, therefore, that neither *Jennison* nor *M. Platt*, the only defendants whom the law can recognize as interested in sustaining the judgment of *Jennison*, has any ground of complaint against the decree, which sets aside that judgment and the proceedings under it, as fraudulent and void as to *Judson*.

The decree gives costs to all the defendants except *Jennison*. They could certainly ask no more.

*Judson*, the complainant, complains of that part of the decree which virtually sets aside the sale under his judgment. He, however, being the defendant in error, cannot ask for a reversal of any part of the decree not complained of by the plaintiffs in error.

*Per Curiam.*—The decree is affirmed with costs.

*A. Lane*, for the plaintiffs.

*G. H. Dunn* and *O. H. Smith*, for the defendant.