Mr. Chief Justice Shabicey
delivered the opinion of the court.
Barbaro filed his bill in chancery, in which he alleges that a partnership had been entered into between Ramsey and himself, in the business of cutting cord wood, and getting out pickets and staves; tfiat the parties proceeded in their business, and that Ramsey went to New Orleans several times with wood, pickets, staves, &c., and received therefor the sum of one thousand and fifty dollars, but has wholly failed and refused to account to complainant for his half of the proceeds. It is also alleged that Ramsey is a transient person, but was then sojourning in the county of Adams, and is wholly insolvent and unable to pay the amount of any decree that might be rendered; but that Evans & Coy had lately purchased a quantity of timber from the said Ramsey, and were indebted to him in the sum of six hundred dollars; wherefore they are made parties, and an injunction prayed against them.
Process was issued in April, 1848, returnable to the June term, which was executed by posting it on the door of the residence of the parties, they being from home, and no person there to receive it. They failed to answer, and a pro confesso was taken at the return term, the matter of the bill referred to the clerk, who reported thereon, and a final decree rendered at the same term against Ramsey for the amount alleged to be due, and also directing the,other defendants to pay to Barbaro.
Several objections are now taken to the decree. First, it is said the process was not regularly served; but this is not well founded. Process at law may be served personally, or by leaving a copy with some white person, above sixteen years of age, at the residence of the defendant; or-, if there be no such person there, then by leaving a copy at some public place at the residence of the party; and all process issuing from the court of chancejy, where no bail is required, may be served in the same way. H. & H. Dig. 510. Fastening the process on the door was leaving it at a public place about the residence of the party.
It is also insisted, that XYiQpro confessso did not authorize the court to make a final decree, as it did, without proof of the alie- *297 gations of the bill. This is an important question, and has received due consideration. The authorities are not entirely consistent. In tracing back this practice of talcing bills pro confesso, it is found to be of comparatively recent origin. It was adopted as a substitute for the process of sequestration, which was more tedious; and it is said to be in consonance with the rules and practice of the common law, where, if the defendant made default by nil dicit, judgment was immediately entered against him, when the thing demanded was certain; but when it was uncertain, a judgment interlocutory was given, and a writ of inquiry went to ascertain the damages. 1 Harrison’s Chancery, 274. In Davis v. Davis, 2 Atk. 21, Lord Hardwicke said, the taking a bill pro confesso in equity, was analogous to taking the declaration for true when the plea of the defendant was insufficient. From the practice of the courts of common law it no doubt originated. But by some means or other, it has been extended so far beyond its original, that all analogy between them has ceased. The plaintiff at law is still bound to prove his cause of action after default, or he recovers but a nominal sum; but by a default in answering a bill in chancery, all proof seems to be dispensed with, whilst it seems difficult to give any good reason why the same rule should not prevail in both cases.- If a failure to answer a declaration is only an admission of a cause of action, but not an admission of the amount claimed, why should a failure to answer a bill in chancery be any thing more? Yet the current of the more modern authorities seems to be the other way. In Caines v. Fisher & McLaughlin, I Johns. Ch. Rep. 8, Chancellor Kent said, “ If the defendant has appeared and will not answer, he ought to be concluded in the same manner as he is by a neglect to plead to a declaration at law.” If these remarks could be regarded as precisely defining the analogy, we should have no difficulty; the allegations should be proved, if a default in chancery only concludes the party suffering it in the same way as it does at law.
In the case of Williams v. Corwin, Hopk. Ch. Rep. 476, this question was directly raised, and it was decided that when the *298 allegations are distinct and positive, they are to be taken as true after pro confesso. But when they are indefinite, or the demand is in its nature uncertain, the certainty requisite to a decree must be afforded by proof. In Robinson v. Townshend, 3 Gill & John. 424, it is said the neglect to answer amounts only to an admission of the allegations of the bill, and nothing more. And the case of Platt v. Judson, 3 Blackf. 235, also decides that if the charge in the bill be sufficiently explicit, the complainant, after a pro confesso, may have a final decree without proof. In Landon v. Ready, 1 Simons & Stuart, 44, it is decided that, by a pro confesso, the facts stated in the bill are to be taken to be true, but the plaintiff can only have such a decree as the facts of the case entitle him to in the judgment of the court. This case is more directly to the point than any other decision in England that has fallen under our notice, although others seem to lead to the same result. 1 Yernon, 223, and cases there cited.
In Hargrove v. Martin, Pleasants & Co., 6 S. & M. 61, there were several defendants, some of whom were infants, who answered by guardian. Against the other defendants a pro con-fesso was taken. We held that the pro confesso could not affect the rights of the infants; and it was also said that, “ taking a case for confessed in equity, entitles the complainant to a decree only against such party, not against the others.” This was not saying on what terms he would be entitled to such decree, though it was a very clear intimation that he would be entitled to it without proof.
In an anonymous case reported in 4 Hen. & Munf. 476, the question was decided directly the other way. The question had been raised in several cases, and the court took time to consider of the point. It is the only case that runs out and maintains the analogy between a judgment by default at law, and taking a bill for confessed in chancery. It places them on the same footing, and holds that the plaintiff in either court can recover no more than he could entitle himself to by proof.
But as the rule seems to be tolerably well settled the other way by adjudged cases, and as the chancery practice seems to ' *299 be settled by a rule of that court in conformity with them, it is perhaps safest to follow them, although they may have departed from the original practice in England.
It is objected that the court has no jurisdiction as to Ramsey, because he is not a non-resident, and the proceeding is not by attachment. The subject matter is within the jurisdiction of the court, it being a matter of account between partners, and a bill in chancery is now resorted to in such cases, instead of the old action of account. It might be more questionable whether the court could give the remedy as against Evans and Coy; but its jurisdiction has not been questioned, either by demurrer or in the'argument, and we shall not challenge it.
Decree affirmed,