### Atkins v. Faulkner.

1. BILL PRO CONFESSO. Where the respondent in a proceeding in chancery fails to answer the bill, its distinct and positive averments are to be taken as true, but when the averments are indistinct and uncertain the requisite certainty must be afforded by the proof.

2. CAUSE WILL BE HEARD UPON BILL AND EVIDENCE. Where a bill in a chancery proceeding is taken as confessed, and the complainant offers in evidence depositions to sustain the allegations thereof, the case will be determined upon the entire record; and a decree of the court below which may be considered as proper when regarded only in connection with the positive and distinct averments of the confessed bill] will be reversed when the evidence shows that it was erroneous.

3. PRE-EMPTION TITLE. A court of equity should divest a pre-emptor of public lands of his title on the ground of fraud in the pre-emption, after such pre-emption has been recognized by the proper land officers of the United States, only in a clear case.

*Appeal from Fremont District Court.*

THURSDAY, DECEMBER 20.

IN CHANCERY. The bill charges that on the 4th of February 1858, complainant purchased at the U. S. Land Office the land in controversy, by locating thereon a military land warrant and obtained the usual certificate, bearing date February 26th 1858; that in April afterwards the respondent, intending to defraud complainant and to deprive him of of his title, fraudulently entered said land at the same office by a pretended pre-emption right thereto; that respondent's settlement and improvements under which he claimed his pre-emption were not made in good faith and for his own benefit, but for the benefit of one Booth, under an agreement between them to that effect. The prayer is that respondent's title be set aside and declared void. To the bill there was a demurrer which was overruled. The respondent failed to answer as by rule required, his default entered, the cause heard on bill and depositions, and a decree entered for complainants. These depositions will be found referred to, as far as material, in the opinion.

*J. A. Kasson* for the appellant.

*C. C. Cole* for the appellee.

WRIGHT, J.—It will be observed that complainant relies upon an entry made by the location of a military land warrant. Respondent defends upon his pre-emption, based, according to the proof, upon improvements made or commenced in July prior to complainant's entry. This right of the respondent is attempted to be impeached upon the ground that the improvements were made and the pre-emption proved up for the benefit of one Booth; that it is therefore void under the laws of the United States, and should be set aside in favor of complainant's superior equity and better title. To

this it is responded that no such agreement is shown, or if shown, that while it might be a fraud upon the United States and render respondent liable to the government, complainant cannot take advantage of it, and especially so as he made his entry subsequent to the time the improvements were made by respondent.

We have had much difficulty in arriving at a satisfactory conclusion in this case. And this difficulty has resulted for the most part, from the character of the bill, the state of the pleadings, and the nature of the evidence adduced. Had respondent answered in denial we should have had no hesitation in saying that the proof was entirely insufficient. He did not however, and we are to treat the bill as confessed. So regarding it, all distinct and positive averments are to be taken as true. If however the allegations are indefinite, or the complainants demand is uncertain, the requisite certainty must be afforded by the proof. (3 Iowa 557, and cases cited.) Assuming then that the material averments are sufficiently distinct and positive, we inquire whether the evidence taken by complainant and found in the record, does not, under all the circumstances in effect destroy the case made in the bill. And after the most careful investigation we are compelled to conclude that it does Add to this the further view entertained by us, that there is no inconsiderable want of certainty and definiteness in the allegations of the bill, that it fails to point out the character of the alleged agreement between respondent and Booth; that it contains nothing more than a general charge of fraud, that it is quite unartificially drawn, and we feel the more justified in holding that the decree below was erroneous.

Complainant's purchase was made subject to the right of the respondent or any other pre-emptor. Respondent did, upon the strength of improvements made prior to complainant's entry, prove up his pre-emption in due and proper form, to the satisfaction of those officers whose duty it was to hear and adjudicate upon his claim. To do this he pre-

sented his own oath, together with that of at least one other witness. Unless the title which he thus acquired is sufficiently impeached, it must prevail over that of complainant. And the proof instead of showing a fraudulent and illegal agreement between the pre-emptor and Booth, falls very far short of it. It consists of loose and random conversations; which taken altogether negative the idea of any such contract. It is entirely insufficient, under such a bill, to justify our interference with the legitimate action of the officers of the government. A court ought not upon a case so barren to divest a party of his title to real property.

We have entertained doubt, whether treating the averments in the bill as sufficiently distinct and positive, we should interfere with the decree, if the testimony produced the conviction that it was erroneous. When we consider however, that the cause is here for hearing *de novo*; that upon the whole record we are to determine whether the complainant is entitled to the relief asked, we have felt justified, after giving due right to the fact that respondent failed to answer, in concluding that the bill should be dismissed.

Decree reversed.