# NEWPORT COUNTY.

———✦———

ISAAC P. HAZARD *et al. vs.* THOMAS J. DURANT *et als.*

A decree was entered by a single judge directing a bill in equity to be taken *pro confesso.* The respondent appealed from this decree to the full court, and subsequently moved for leave to answer, filing as an affidavit his proposed answer which denied the allegations of the bill. Meanwhile the respondent had been adjudged in contempt for the violation of an injunction, and was unable to purge himself:

*Held,* that the cause must go to a master to inquire into the charges of the bill; that the respondent could attend before the master, but without counsel ; that the respondent could furnish evidence, testify himself, and cross-examine witnesses produced by the complainants.

Rule 72 of the Equity Rules, which allows "all affidavits, depositions, and documents which have been previously made, read, or used in the court, upon any proceeding in any cause or matter" to be used before the master, applies generally, and is not confined to the matters of account considered in Rule 71.

But while *ex parte* affidavits taken in a cause may be used before the master, the master has under Rule 69 a judicial direction "to direct the mode in which matters requiring evidence shall be proved before him," and hence may require other testimony.

The printed report of a committee of Congress is not a "document" under Rule 72.

The meaning of Rule 72 explained.

BILL IN EQUITY charging fraudulent conversion of funds and praying for an account and injunction. The facts and previous proceedings are reported in 9 R. I. 602 and 11 R. I. 195.

*Newport, March* 19, 1878. DURFEE, C. J. In our last previous opinion [1] we suggested a question which we did not wish to decide without first having it debated by counsel. The question which since then has been ably argued, is this : The defendant, Durant, who is charged in the bill with having misappropriated or wrongfully converted to his own use certain funds belonging to the Credit Mobilier of America, a corporation of which he was the president, neglected to answer the bill until the time for answering it had elapsed. The bill was accordingly taken as confessed, and a decree was entered by a single justice, from which Durant appealed to the full court. He subsequently moved to set aside the decree *pro confesso* and for leave to answer, filing his proposed answer, which denies the charges of the

[1] 11 R. I. 202–209.

bill, as an affidavit. But meanwhile he had been adjudged guilty of contempt for disobeying an injunction of the court, and was, therefore, not entitled to be heard in his defence without first purging himself. The court has prescribed terms of purgation which he professes to be, and probably is, unable to comply with. The question is whether, in view of his denial of the allegations of the bill, which was brought to our attention on the trial of his petition for leave to purge himself, and in view of his inability to comply with the terms of purgation, we shall proceed, without proof of the allegations, the same as we usually proceed when a bill is taken as confessed, or shall require them to be proved.

The practice of taking bills *pro confesso*, though not of long standing, is yet well established. *Rose* v. *Woodruff*, 4 Johns. Ch. 547. When a bill is so taken, the ordinary rule is for the court to consider all the facts, which are definitely averred, to be admitted by the defendant, and to give the plaintiff the relief to which the facts, if admitted, would entitle him. *Landon* v. *Ready*, 1 Sim. & Stu. 44; *Geary* v. *Sheridan*, 8 Ves. Jun. 192; *Simmonds* v. *Palles*, 2 J. & L. 489; *Platt* v. *Judson*, 3 Blackf. 235. If, however, the bill is uncertain in its allegations, or requires the taking of an account, the court will not proceed to a final decree without proof. *Fellows* v. *Shelmire*, 5 Blackf. 48; *Pendleton* v. *Evans*, Wash. C. C. 391; *Marshall* v. *Tenant*, 2 J. J. Mar. 155; *Atkins* v. *Faulkner*, 11 Iowa, 326. The practice rests upon the presumption that if the defendant had any good defence to the bill he would not refuse to answer it, the refusal being a contempt of court. *Atterberry* v. *Knox*, 8 Dana, 282. And accordingly the court seldom refuses leave to answer after default, upon proof that this presumption is incorrect. *Milspaugh* v. *McBride*, 7 Paige, 509; *Graham* v. *Elmore*, Harring. Mich. 265; *Williamson* v. *Sykes*, 13 N. J. Eq. 182; *Williams* v. *Thompson*, 2 Bro. C. C. 280. If the defendant be an infant or lunatic, and so incapable of answering, the court will not proceed against him at all without proof. And if a bill be taken *pro confesso* against one of two or more defendants, and the others, making answer, show that it is devoid of equity, it will be dismissed as against all of them. *Clason* v. *Morris*, 10 Johns. Rep. 524; *Lingan* v. *Henderson*, 1 Bland, 236; *Frow* v.

*De La Vega*, 15 Wall. 552 ; *Walsh* v. *Smyth*, 3 Bland, 9. It is held in Illinois that it is discretionary with the court, where a bill is taken as confessed, to require proof of all or any portion of the allegations. *Smith* v. *Trimble*, 27 Ill. 152 ; *Stephens* v. *Bichnell*, 27 Ill. 444. See also *Pierson* v. *David*, 4 Iowa, 410.

These cases show that the practice was intended to be subservient to the purposes of justice ; and that the court, in their discretion, disregard it when it cannot be observed without injustice. Now, in the case at bar the bill charges the defendant with enormous embezzlements or misappropriations. The defendant entreats for leave to answer, denying them. We therefore cannot presume that the allegations of the bill are true by reason of any implied admission. Shall we then proceed as if they were true, because the defendant, being in contempt, and unable to relieve himself, cannot make his denials effectual by answer or defence ? The question is novel ; but we think it admits of only one solution. The court must be careful not to become an instrument of injustice, even against a person who has forfeited all claims upon its favor. We decide, therefore, that the cause must go to a master to inquire into the truth of the inculpating allegations of the bill, and, if he finds them true to any extent, to take the account accordingly, making for the sake of dispatch one report of the entire matter. We also decide that in making the inquiry the master shall not be confined to testimony furnished by the complainants, but shall notify Durant, so that he may be present, if he sees fit, to aid the inquiry and to testify himself, and furnish the testimony of others. But further than this we cannot go. Durant is still in contempt, and cannot be permitted actively to defend himself. If he attends the master, he will attend without counsel, and only for the purposes above mentioned.

*Decree entered July* 1, 1878, *sending the cause to a master " to inquire into the charges and allegations contained in the bill of complaint in said cause against said Durant, and if he find the same, or any material part thereof, to be true, then to take and state an account between said Durant and the Credit Mobilier of America, of and concerning all and singular the moneys belonging to said Credit Mobilier had, received, or procured by said Durant,*

*or by any person for him, as for his use, and fraudulently or wrongfully held, used, or converted as alleged in said bill, with interest thereon, at the rate of seven per cent. per annum, from the time the same were so as aforesaid had, received, or procured by or for said Durant, and also of and concerning all and singular the stocks and bonds in each of said defendant corporations, purchased wholly or partially with the money of said Credit Mobilier, and had or held at any time by said Durant, or by any person, openly or secretly, for him, or for his use, and of and concerning all profits and dividends on all said moneys, stocks, and bonds, over and above said seven per cent. interest, however acquired and paid, and whether in money, stocks, bonds, or otherwise ; and the said master shall report to the court in the premises upon all the foregoing, with all convenient speed.*

*" And inasmuch as said Durant is in contempt of the court, and, therefore, not permitted actively to defend himself, the master shall notify him, so that he may be present, if he shall see fit, to aid said inquiry by testifying himself, and furnishing other testimony, with the right of cross-examination ; but he shall not appear or attend before the master with any counsel, nor for any purpose except as above indicated."*

The decree then reserves consideration of further matters and directions, and permits application to be made to the court, as occasion may require. The master's commission directs him to proceed *ex parte*, if either party neglects to attend before him after being notified.

Subsequently application was made to the court for instructions to the master as to the mode of proof to be adopted by him in his inquiry and as to the admissibility of certain evidence submitted to him. Upon this application, which was argued by counsel, the court gave the following opinion.

*Providence, December* 21, 1878. DURFEE, C. J. This cause was recently sent to a master to inquire into the truth of the inculpating allegations of the bill. The defendant Durant now moves the court to direct the master in making the inquiry to exclude *ex parte* affidavits and require the witnesses to testify either orally or by deposition, with opportunity for cross-examination. The complainants claim the right to use any affidavits

which they have already used in the hearings before the court under Rule 72 in equity. The rule is as follows, to wit:

" All affidavits, depositions, and documents, which have been previously made, read, or used in the court, upon any proceeding in any cause or matter, may be used before the master."

In the published rules this rule follows a rule that regulates accounting before a master, and, therefore, the defendant contends that it was intended to apply only when a master is taking an account. The argument is not convincing. The rule purports to be a rule for " any cause or matter," and contains no reference to the preceding rule. We must allow it to have its obvious meaning. Adams' Equity, 383.

But while we think the affidavits are admissible under the rule and therefore cannot instruct the master to exclude them, nevertheless we think it is within the power of the master to require the production of other testimony if he is not satisfied with them. He has the power under Equity Rule 69, which expressly gives him, besides other powers, authority " to direct the mode in which matters requiring evidence shall be proved before him." Under this rule the master will of course exercise a judicial discretion, which we will not attempt to control in advance otherwise than by remarking that it is his duty under the decree to allow the defendant, Durant, to cross-examine the affiants, whose affidavits are introduced, either orally before him or by deposition.

In the hearing before the court the report of a committee of Congress, with appended exhibits and testimony, was read as evidence by consent. The complainants claim the right to use it before the master as a document, under the rule above recited. The report is a congressional document, but 'it is not, in our opinion, a document within the meaning of the word as used in the rule. What the rule means is some writing like a deed, a will, a letter, or an account rendered or stated, which is evidence as soon as it is authenticated, independently of the consent of parties. We think, therefore, that the master will do right not to admit the report or its exhibits as evidence unless in the course of the hearing they should become admissible in connection with other testimony and on other grounds. *Order accordingly.*

*Charles S. Bradley & Francis B. Peckham, Jr.*, for complainants.

*Abraham Payne & Samuel R. Honey*, for respondents.