Mr. Justice Wylie
delivered tbe opiniou of the court, in substance as follow's:
We think the decree below should be affirmed. It is admitted that Mrs. Darby proposed to pay the debt of her husband to the assignees of the company, provided they would allow her to set off the amount of $1,752 which stood in her own name and exclusive credit on the books of the company. They refused that offer and insisted upon selling the property embraced in the trust deed to pay the whole of it out of the estate of her husband.
The company is insolvent, and the defendants, who are its assignees, contend that she can only be allowed the dividends upon her deposit, like the other creditors of the institution. She files her bill for an account and to restrain the threatened sale, and claims the right in equity to set off the amount of her said deposit against the sum due upon the promissory note of her husband. On the other hand, the assignees filed a cross-bill to obtain a decree for the sale of the property. The court below enjoined the sale and decreed the assignees to credit her with the whole amount the company owed her separately upon the debt, and that she should pay the balance, or the property should be sold. From this decree they have taken an appeal, and insist with great earnestness that they are entitled to collect all the money due upon the note, and that she is only entitled to the dividend of a general creditor.
The rule in a court of equity, where the wife executes a security for the indebtedness of the husband, is explained to some extent in the case of Huntington v. Huntington, 2 Brown’s P. C., 110, and is still more fully stated in the American notes to this case in White and Tudor’s Leading Cases in Equity, beginning at page 1938, where it is said: “A wife who mortgages her estate for the benefit of her husband is a surety, and as such is entitled to an indemnity from him, and his assets will, if the circumstances admit, be taken in the first instance to satisfy the mortgage.” It is also said, in a subsequent part of the same note, that “ the equitable principles relating to sureties apply equally to a wife mortgaging her *357 estate for her husband’s benefit; and it is well settled that a valid agreement between the creditor and husband, by which the time of payment is extended, will, if unauthorized by the wife, discharge her mortgage.” The wife in this instance having mortgaged her owu property for the debt of her husband, is entitled to the rights that belong to any other surety, and the fact that she did not join in the note cannot deprive her of this privilege. This court has already decided that a debtor to this company at the time of its failure will uot be allowed to set oft' debts which he has subsequently bought up from other parties. The creditors of the institution all stand upon an equal footing, and a party will not be permitted to gain an advantage in that way. But that is not the question here. Mrs. Darby had funds to her credit in the hands of the company at the time of the failure. Her husband is now dead, and the company have advertised the property for sale. We have seen that she occupies the position of a surety on her husband’s debt, and the question is, whether, as such surety, she shall be allowed to set oft' her own claim against the indebtedness of the husband. If the principal was entitled to a credit in the company’s books at the time of its failure, he could undoubtedly set it off against his $2,000 note. The surety is not in a worse condition than the principal in a court of equity. And surely if the principal, upon being sued by the creditor, could claim in equity a set-off, the surety is entitled to the same benefit.
There is a very learned note in 2 Smith’s Leading Cases, marginal paging 320, sixth American edition, from which I feel at liberty, in view of the importance of the question, to extract one or two passages. After stating the general doctrine in regard to set-off, the author says:
“ It follows from these principles that when a cause of action is transferred by an assignment which passes the legal title, a debt due by the assignor cannot be pleaded as a defense to a suit brought by the assignee, because the mutuality which is essential to a set-off is gone in form, and the court cannot look outside of the record to see whether it ex *358 ists in substance. (Spencer v. Babcock, 22 Barb., 326; Beckwith v. The Union Bank, 5 Seld., 211.) But the injustice which this rule is calculated to produce has been remedied in some instances by statute, and in others by the judicial introduction of a more equitable principle; and it is now.well settled, in general, that when the assignees or personal representatives of a bankrupt or insolvent are plaintiffs or defendants, the right of set-off will extend to all demands that could be proved by or against the estate, without regard to the period when they become due, or the person in whom the right of action is nominally vested. (Clark v. Hawkins, 5 R. I., 219; Aldrich v. Campbell, 4 Gray, 284; Fennell v. Nesbit, 16 B. Monroe, 551; Morrow v. Bright, 20 Miss., 298.) Thus, in Marks v. Baker, 1 W. C. R., 178, a liability incurred by endorsing the bills of a bankrupt was allowed' to be set off against a suit brought by his assignee, on the ground that although it would not have been provable as a debt, it was clearly a case of mutual credit; and a similar view was taken in Jones v. Robinson, 26 Bark., 310, of the relation between a bank and one of its depositors, whose acceptance it had discounted. Dealings between an insurance company and its customers have also been held to have a character of mutuality which entitles the latter to set off’ the amount due for losses, although not yet definitely ascertained or liquidated in a suit brought for premiums by the assignees or receiver’s who are charged with the task of winding up the affairs of the company. (Holbrook v. Receiver, 6 Paige, 220.) For as an assignee in bankruptcy or insolvency is not a purchaser, he will take subject to any equity that could have been made available against the assignor. (Mess v. Goodman, 2 Hilton, 275.) In Tucker v. Oxley, 5 Cranch, 24, a debt due by a partnership was held to be a defense brought by the assignees of an insolvent member of the firm, thqre being special circumstances which gave both demands the character of mutual credits. And it is well settled in Massachusetts that unliquidated demands, and demands growing out of a partial failure of consideration, may be set off’ in an action brought by the *359 assignee of an insolvent during Ms life, or by his executors after his decease.”
The doctrine is illustrated in the numerous cases cited, but I will only refer to that of Aldrich v. Campbell. The opinion of the court was delivered by Thomas, J., in which he says:
“This case is not to be determined upon the technical rules of set-off, but upon the principles regulating the settlement of insolvent estates, whether of persons living or deceased. The settlements with such estates are final, and all mutual demands are to be balanced; claims not liquidated and debts absolutely due, though payable in future, are to be included. In the case of an insolvent estate of one deceased, all claims existing at the time of the death are to be set off; in the case of an insolvent estate of a person living, all claims existing at the time of the first publication of the notice of the issuing of the warrant. The rules are the same in whatever form the question is to be settled.”
And to support these reviews he cites many cases. The same note contains a great variety of decisions showing when a set-off will be allowed and when refused. But it is plain from the authorities already referred to, that if Darby himself had been alive at the time of the failure of the company, with a credit on its books of $1,750 and owing it $2,000, the company could only claim the difference between these two sums. His wife, who occupies the position of a surety, has a much stronger equity to set off against the claim the money which she is entitled to as a depositor in the bank. For these reasons a majority of the justices who heard the argument are of opinion that the decree of the court below ought to be affirmed.