HENRY BRILL *et al.*

*v.*

ELIAS B. STILES *et al.*

1. EQUITABLE TITLE — *what constitutes.* A purchaser of land by agreement, acquires an equitable title, when he has completed his part of the contract, by paying the purchase-money, and receiving written evidence of the agreement of the vendor to convey the premises.

2. SAME — *may be asserted in equity.* Such a title may always be asserted in a court of equity against the holder of the legal title, whether in the vendor or his vendee, with notice.

3. SAME — *not availing at law.* But at law, a merely equitable title is not regarded, and is unavailing for a recovery or defense against the legal title.

4. SAME — *acquired by purchase from the government.* When a party purchases land from the government, by entry in the proper office, in pursuance of law, and receives a certificate of purchase therefor, he acquires the equitable title to the premises to the same extent that he would by a purchase from an individual owning the fee.

5. CONSTRUCTION *of title derived from the government.* In determining upon the validity of a title derived from the government, the same rules apply as when derived from an individual.

6. PRIORITY *as between a junior and elder patent or certificate of entry, how determined.* In equity, a junior patent from the government, or a register's certificate of entry, will prevail over the elder one, if the right on which it is based is prior in point of time, to that upon which the elder patent or certificate is founded.

7. So a certificate of entry will prevail, in equity, over a patent based upon a subsequent entry, unless the prior entry has been legally vacated.

8. VACATING AN ENTRY — *power of the commissioner of the general land office.* The mere fact that an entry has been declared void by the commissioner of the general

20 — 35TH ILL.

land office does not have the effect of vacating the entry. He is not a judicial officer, and has no power to decree the rescission of contracts. His determination in reference to the validity of a sale of the public lands concludes no one in his rights.

9. PRACTICE IN CHANCERY — *an answer waives the right to demur.* A defendant in chancery cannot demur to, and answer the same allegations in the bill at the same time. And after answer, it is too late to demur, unless the answer is first withdrawn.

10. SAME — *of a motion to dismiss the bill for want of equity — and herein of the office of a demurrer.* A motion to dismiss a bill in chancery for the want of equity on the face of the bill, is nothing more than an oral demurrer. But whether a bill shows a right to relief cannot be determined upon motion. The equity of a bill can be questioned only by demurrer, or on the hearing.

WRIT OF ERROR to the Circuit Court of Lee county; the Hon. JOHN V. EUSTACE, Judge, presiding.

This was a suit in chancery instituted in the court below by Henry Brill and Agesilaus Rockafeller against Elias B. Stiles and Frederick A. Soule. The facts of the case sufficiently appear in the opinion of the court.

After an answer to the bill and replication thereto, the defendants entered their motion to dismiss the bill for want of equity upon its face; this motion the Circuit Court sustained, and entered a decree dismissing the bill. The complainants thereupon sued out this writ of error.

The principal questions arising upon the record, are as to the character of title acquired by a purchaser of land from the government, who receives simply a certificate of purchase thereof; whether the title thus acquired can prevail against a patent for the same land, based upon a subsequent entry, the prior entry having been declared vacated by the commissioner of the general land office; and herein of the power of such commissioner to declare a purchase of land from the government to be void.

Mr. JAMES K. EDSALL, for the plaintiffs in error.

1. In equity a certificate of purchase will prevail against a patent, if the right upon which it is based is prior, in point

of time, to that upon which the patent is founded. *Isaacs* v. *Steel*, 3 Scam. 97; *Wiggins* v. *Lusk*, 12 Ill. 135; *Scott* v. *Moore*, 3 Scam. 318; *McDowell* v. *Morgan*, 28 Ill. 528.

2. But at law the title derived under the patent is paramount, although, as in this case, it is based upon a right junior to the certificate in point of time. *Willox* v. *Jackson*, 13 Peters, 498; *Wiggins* v. *Lusk*, *supra*.

3. Therefore our remedy was purely equitable, and we could not make our prior equities available as a defense upon the trial of the ejectment suit at law.

4. The cancellation of an entry of the public lands by the commissioner of the general land office, cannot affect the rights of the purchaser. The commissioner is not a judicial officer, and has no such power. *Heirs of Ware* v. *Brush*, 1 McLean, 535.

5. If he issues a patent to a person not entitled to it, either the State or federal tribunals may inquire and determine who has the better right. This is no "interference with the primary disposition of the soil by congress." *Carroll* v. *Safford*, 3 How. (U. S.) 461; *Rogers* v. *Brent*, 5 Gilm. 580; *Brush* v. *Ware*, 15 Peters, 93; *McDowell* v. *Morgan*, 28 Ill. 528.

Mr. GEORGE P. GOODMAN, for the defendants in error.

Mr. CHIEF JUSTICE WALKER delivered the opinion of the Court:

This was a bill in chancery, filed to establish a prior entry of a tract of land, from the United States government, and to enjoin a suit in ejectment, instituted for a recovery, under the junior entry. The bill alleges, and the answer admits, that Rockafeller entered the premises in controversy, at the proper land office, on the 17th day of December, 1853, and received a certificate of purchase for the same. That being entered with a military land warrant, the sale was subject to be defeated by a preëmption being proved at any time within thirty days after the sale. The bill alleges that no such preëmption was proved, within thirty days after the entry of Rockafeller.

That complainant purchased the land of him, on the 16th day of September, 1854, and went into the actual possession of the same, and had so continued till the time he filed the bill.

It likewise appears from the bill and answer, that Soule entered the land, at the same office, on the 16th day of June, 1855. Upon this latter entry a patent was issued, dated on the first day of November, 1855, and that Soule conveyed to Stiles on the 18th day of July, 1856. It also appears that no patent ever issued on the first entry made by Rockafeller. The answer admits all of the material charges in the bill, but seeks to avoid their operation by the allegation that the first entry, for some cause unknown to defendant, was void and the commissioner of the general land office so decided, and vacated the entry. A replication was filed to the answer. Afterwards defendant moved the court to dismiss the bill for want of equity, which motion was allowed and a decree entered accordingly, to reverse which, this cause is brought to this court.

A purchaser of land by agreement, acquires an equitable title, when he has completed his part of the contract, by paying the purchase-money, and receiving written evidence of the agreement of the vendor to convey the premises. Such a title may always be asserted in a court of equity, against the holder of the legal title, whether in the vendor or his vendee, with notice. But at law such a title is not regarded, and is unavailing for a recovery or defense against the legal title. Such a purchase of the government, when made in pursuance of law, confers upon the purchaser the equitable title to the premises, to the same extent as a sale by an individual owning the fee. *Rogers* v. *Brent*, 5 Gilm. 573. In determining upon the validity of a title derived from the government, the same rules apply as from an individual.

In the case of *Isaacs* v. *Steel*, 3 Scam. 97, it was held that in equity, a junior patent or register's certificate of entry, will prevail over the elder one, if the right on which it is based is prior, in point of time, to that upon which the elder patent or certificate is founded. And in the case of *Bruner* v. *Manlove*, id. 339, the same rule is announced and adhered to. It then

follows from these authorities, that the register's certificate of purchase, to Rockafeller, being prior in point of time, to the patent issued to Soule, it conferred an equitable title, until that purchase was legally vacated. The certificate itself provided that it might be done upon proof being made, within thirty days, of a right to a preëmption. But there is no pretense that there was any such proof made. Nor does it appear that the first entry was illegally made.

It is true that the answer alleges the entry was void and had been canceled by the commissioner of the general land office. But no reason is given, or facts shown, why that entry was void. The mere fact that it was so declared by the commissioner of the general land office, did not have the effect of vacating the entry. He is not a judicial officer, and has no power to decree the rescission of contracts. His determination in reference to the validity of that sale, concluded no one in his rights. *Rogers* v. *Brent,* 5 Gilm. 573, and authorities there cited. The power to adjudge and determine upon the validity of a contract, and to hold them void, devolves alone upon the judiciary. The cancellation of the entry by the commissioner, was not, therefore, evidence that the first entry was illegal, but that should have been shown by other and legitimate evidence. And until proved to be void, it was binding upon the government, and its subsequent grantees. Nor could the agents of the government, by any act of theirs, prejudice the rights of those claiming under Rockafeller. If the entry was authorized by law, the title passed to him, subject only to be defeated by proof of a right of preëmption, and if unauthorized, he acquired no title. But until it is shown to have been illegally made, or to have been defeated by proof of a preëmption, the certificate of purchase was evidence of an equitable title.

According to the uniform practice in courts of chancery, the equity of a bill can only be questioned on demurrer or on the hearing. Whether a bill shows a right to relief cannot be determined upon motion. In this case the cause should have been set down for hearing upon bill, answer, replication and

proofs. The defendant, by interposing his answer to the bill, waived the right to demur, and this motion can be considered nothing else but an oral demurrer. He could not both demur to and answer the same allegations at one time. After answer, it is too late to demur unless the answer is first withdrawn. The court below having erred in dismissing the bill, the decree must be reversed, and the cause remanded.

*Decree reversed.*