MICHAEL BAUERLE

*v.*

ANDREW LONG *et al.*

*Filed at Ottawa November 23, 1896—Rehearing denied March 6, 1897.*

1. PLEADING—*answering over waives error in overruling demurrer.* A defendant, by answering over after the court has overruled his general demurrer to a bill, thereby waives his right to assign such overruling as error.

2. PRACTICE—*in chancery—exceptions for insufficiency lie to unsworn answer when oath is waived.* The power of the court, under sections 23 and 24 of the Chancery act, (Rev. Stat. 1874, p. 201,) to require sufficient answers to all traversable allegations in the bill, and the right of complainant to except for insufficiency, extend to unsworn answers, when answer under oath is waived.

3. SAME—*on insufficient answer bill is taken as confessed as a whole.* Where, under section 24 of the Chancery act, a bill is taken as confessed for insufficient answer, the entire bill is so taken, and not merely that part to which the answer was insufficient.

4. SAME—*defendant cannot offer affirmative evidence before the master after bill is taken as confessed.* Upon taking a bill as confessed a court may enter a decree *pro confesso* or refer the cause to the master, and when so referred the defendant may appear and cross-examine complainant's witnesses, but cannot offer affirmative evidence.

APPEAL from the Superior Court of Cook county; the Hon. JOHN BARTON PAYNE, Judge, presiding.

KRAFT, WILLIAMS & KRAFT, for appellant.

DOW, WALKER & WALKER, for appellees.

Mr. JUSTICE PHILLIPS delivered the opinion of the court:

The Pennsylvania Company for Insurance on Lives and Granting Annuities, a corporation organized and doing business under the laws of the State of Pennsylvania, and the appellees, were executors of the will of John H. Shoenberger. On August 14, 1890, they entered into a contract with the appellant, by which they, as executors, were to convey to appellant eighty acres of land in Cook county for the sum of $240,000. The appellant paid them the sum of $5000 as earnest money, and they were to submit an abstract of title to appellant for examination. Certain objections were made to the title by the appellant, and the executors filed a bill for specific performance. A demurrer thereto was sustained and the bill dismissed for want of equity. That decree was affirmed by this court. (See *Pennsylvania Co. for Insurance* v. *Bauerle*, 143 Ill. 459.) In that case it was said (p. 475): "The powers to sell and dispose of real estate and to execute deeds of conveyance therefor, and to convert the same into money, having been delegated by the will to the four appellants jointly, as executors, and they all having accepted the trust and qualified as executors, we think that a deed made by three, only, of the executors is not a good execution of the powers in the will, it appearing that the Pennsylvania company, the other trustee and executor, still survives as a going corporation, and that it has not resigned and been discharged from its office of trustee and executor, or been removed from its trust position by the order or decree of any competent court. Waiving the matter hereinafter considered, it would seem that in order to convey to appellee a good and valid title to the land here in question, the Pennsylvania company must either procure from the Auditor of Public Accounts a certificate of authority stating that it has complied with the requirements of the statute of this State, and then join with its co-executors in the ex-

ecution of a deed of conveyance, or else in some proper way shake off the trust and absolutely divest itself of the title, discretion and power that the will gives it in respect to the land situate in this State, thus leaving the co-executors in a position, as surviving executors, where they can lawfully act in the premises."

After that opinion was announced, the corporation, by certain proceedings before the Orphans Court of the county of Philadelphia, in the State of Pennsylvania, renounced its right to act as trustee or executor in the State of Illinois, and an order was entered in that court granting leave so to do. Thereupon the remaining executors and trustees under said will (the appellees) filed this bill in the Superior Court of Cook county, in which it is set forth that the said Pennsylvania Company for Insurance on Lives and Granting Annuities having renounced its right to qualify in the State of Illinois as executor of the last will of said deceased and its right to act as trustee under said will in said State, and having filed a renunciation of such right in the office of the register of wills in the county of Philadelphia, in the State of Pennsylvania, and thereby shaken off the trust and absolutely divested itself of the title, discretion and power to act under said will as to the lands in the State of Illinois, and a certified copy of said renunciation and said proceedings having been recorded in Cook county, Illinois, orators are therefore left as surviving executors to act in the premises, and that they are ready and willing, with leave of court first obtained, to enter into a new contract with the said Bauerle in all substantial respects like the one made on or about the 14th of August, 1890, which is the same contract mentioned in the case above cited. The bill then alleges that orators believe it to be for the best interest of the estate that said property should be sold to said Bauerle upon terms and conditions similar to those contained in said contract of 1890, and they ask leave to sell and convey said property,

and have leave to enter into a new contract with said Bauerle upon similar terms and conditions to those contained in said contract of 1890; that the price offered therefor by said Bauerle was and is a reasonable price to be paid for said estate; that the property was, at the time the original contract was made, vacant and unimproved; that the price agreed to be paid in said contract was then a fair and reasonable price and value for said property, and is still a fair and reasonable value in view of all conditions and circumstances pertaining thereto; that orators are informed and believe that after making said original contract Bauerle took possession, and has ever since held possession, of said described property, and has made certain improvements thereon, but without authority or right so to do; that he caused it to be subdivided into lots, blocks, streets and alleys and acknowledged the plat, but that said plat is void without orators' consent thereto, which consent has never been given; that Bauerle has caused the contract of 1890 and said receipt of $5000 paid by said Bauerle upon the contract to be recorded; that the recording of said plat and of said contract constitutes a cloud upon the title of orators to said premises, and ought to be removed.

The prayer of the bill was, that the said Bauerle be compelled either to renew with the orators, as surviving executors, and then specifically to perform, the said agreement of 1890, or that a new agreement of like tenor and effect be made between the orators and Bauerle, and to pay the remainder of the purchase money for said land in accordance with the terms and conditions contained in said contract, or to surrender and cancel the same, but if he, for any reason, should be unable to or should refuse to enter into such new agreement of like tenor and effect with said agreement of 1890, and to perform the same within such a reasonable time as this court may direct, and should refuse to surrender and cancel said agreement of 1890, that then and in that case the said contract and

the record thereof may be canceled and held for naught, and that orators be re-instated in like possession of said real estate as the estate of said Shoenberger had before said agreement was made as aforesaid, and that any subdivision or platting made by said Bauerle may be decreed as made without authority and set aside and for naught held, and that orators may have leave to sell the premises to Bauerle, etc.

To this bill Bauerle interposed a demurrer, which was sustained and certain amendments made, in one of which it is averred: "Your orators further show, that, notwithstanding the decision of the Supreme Court referred to, the said defendant, Bauerle, still claims a certain interest in said real estate under the contract referred to, and that the said Bauerle not only claims but offers to purchase the said real estate at the price stated and upon the terms and conditions in the contract made on or about the 14th of August, 1890, a copy of which is attached to the amended bill and marked 'Exhibit B,' provided that he can obtain, by a proper conveyance to be made by said complainants, a good title to the said premises, which can only be done through and by the decree of this honorable court."

To the bill as amended a general demurrer was interposed, which was overruled. Thereupon the defendant, Bauerle, filed his unsworn answer, to which complainants filed exceptions. The gist of the exceptions was, that appellant had not stated in his answer whether he was willing to purchase the said real estate at the price and upon the terms of his former contract, etc. This exception was sustained. An additional answer was then filed by appellant, to which the same exception was filed and sustained. Thereupon a rule was entered requiring appellant to show cause why he should not be attached for failing to answer, etc. Appellant answered this motion for a rule, and the court ordered the bill to be taken as confessed, and referred the cause to a master to take

proof and report. The appellant appeared and cross-examined witnesses and offered evidence in certain matters, and made an offer to prove in his own behalf, etc., which was rejected. The master reported his conclusions, which were confirmed, and a decree was entered finding the recording of the contract a cloud on title and vacating the plat, and for a conveyance by Bauerle of all his interest, and on his default the master convey, etc. The appellant assigns as error the overruling of the demurrer to the bill, the sustaining of exceptions to an unsworn answer, the taking the bill as confessed, and the refusal to allow him to introduce his offered evidence and entering the final decree.

By filing his answer after the general demurrer was overruled the appellant waived his right to assign error to the overruling of his demurrer. (*Brill* v. *Stiles*, 35 Ill. 305; *Gordon* v. *Reynolds*, 114 id. 118.) Had he answered as to part of the bill and demurred as to another part, then his rights on the final decree would have been preserved. But when he filed a general demurrer to the bill and it was overruled, and he did not stand by his demurrer but answered over, it was a waiver of the right to assign error to the overruling of the demurrer.

Where a bill makes distinct averments the court has the power to compel a specific admission or denial of all allegations and parts which would require proof. This is authorized by sections 23 and 24 of the Chancery act. Doing so would avoid expense and encumbering the record with proof of matters the defendant might admit or deny. (*Stacey* v. *Randall*, 17 Ill. 467.) A court of chancery being a court of conscience, a specific answer admitting or denying an averment of a bill is but a requirement to know the truth, and is conclusive to the expeditious disposition of business by the courts. To the end that courts may have specific answers, exceptions may be filed to answers where sworn to, and also where answer under oath is waived. *James T. Hair Co.* v. *Daily*, 161 Ill. 379.

When the answer was adjudged insufficient the court had the right to require a further answer. The answer of appellant did not meet the averments of the bill, and did not admit or deny that he was ready and willing to enter into a contract such as had been made at the time he filed his contract and receipt for record and platted the land and filed of record the plat. Not being responsive to that averment it was insufficient, and when so adjudged and a rule entered requiring a further answer, this appellant should have filed an answer responsive to that averment of the bill. When his amended answer came in it was obnoxious to the same exception, and again the exception was properly sustained. On the motion for a rule to show cause why an attachment should not issue the appellant answered, and the court did not attach, but entered an interlocutory decree taking the bill as confessed. By the 24th section of the Chancery act it is expressly provided: "When an answer shall be adjudged insufficient, the defendant shall file a further answer within such time as the court shall direct, and on failure thereof the bill shall be taken as confessed." Even if a further answer is filed and that is adjudged insufficient, the bill may be taken as confessed on failure to file an answer in response to a rule so to do.

It becomes important for us to determine the question whether, where part of the answer only is excepted to and held insufficient, the bill can be taken as confessed as to the whole bill or only to that part to which the answer is held insufficient. The object and purpose of the statute being to expedite business and prevent encumbering the records with unnecessary proof and to save expense, where a defendant fails to comply with the statute and answer fully, and where he refuses to comply with the order of court and answer an allegation of the bill, he is by the statute declared to be in the position of one who is in default. He is without an answer. In the words of the statute above quoted, the bill shall be taken

as confessed by him where he fails to file further answer where his answer has been adjudged insufficient. No part of his answer stands in such case. The bill is taken as confessed,—not a part thereof, but the bill itself. It was not error to enter the order taking the bill as confessed. After such order it was in the discretion of the chancellor to enter a decree *pro confesso* or refer the cause to the master to take proof and report, and when so referred the defendant had a right to appear and cross-examine the witnesses for complainants. Of this right he was not deprived. He had no right to offer evidence of matters of defense not set up in an answer.

On our examination of this record we find no reversible error. The decree is affirmed.

*Decree affirmed.*