# CASES

## ARGUED AND DETERMINED

### IN THE

# SUPREME COURT OF ILLINOIS.

---

THE GLEASON & BAILEY MANUFACTURING Co. (Limited,)

*v.*

JOHN G. HOFFMAN.

*Opinion filed November 1, 1897.*

1. PLEADING—*answering over waives error in overruling demurrer.* One answering over after the overruling of his general demurrer thereby waives his right to assign such overruling as error.

2. EQUITY—*when equity will take jurisdiction in matters of account.* Jurisdiction in equity exists where there are mutual accounts between the parties, or where the account is all on one side but there are complications or difficulties in the way of adequate relief at law, or where a fiduciary relation exists and a duty rests upon the respondent to render an account.

3. SAME—*the re-transfer of letters patent is a matter of equitable jurisdiction.* The compelling of a re-transfer of letters patent is a matter peculiarly within the jurisdiction of a court of equity.

4. SAME—*equity having acquired jurisdiction may retain it to do substantial justice.* Where, on a bill for an accounting and discovery, the court has jurisdiction of the parties and the subject matter, and issue has been taken on any existing indebtedness, the court need not refuse to consider a part of the account which might be adjusted at law, but may retain jurisdiction of the whole matter to do substantial justice between the parties.

5. PARTIES—*on absolute assignment, assignee may sue in equity in his own name.*   Where an assignment is absolute and valid and the assignor retains no equitable interest, the assignee may file a bill in equity in his own name and without making the assignor a party to the suit.

6. APPEALS AND ERRORS—*what is a waiver of right to assign error in sustaining a master's report.*   An objection that the master reported only his conclusions of fact and law, whereas the order of reference required him to report the evidence also, will be deemed waived on appeal, where no motion was made below to require the evidence to be reported.

*Gleason & Bailey Manf. Co.* v. *Hoffman*, 63 Ill. App. 294, affirmed.

APPEAL from the Appellate Court for the First District;—heard in that court on writ of error to the Circuit Court of Cook county; the Hon. R. S. TUTHILL, Judge, presiding.

WALKER, JUDD & HAWLEY, for appellant:

Whenever a court of law is competent to take cognizance of a right, and has power to proceed to a judgment which affords a plain and complete remedy without the aid of a court of equity, the plaintiff must proceed at law, because the defendant has a constitutional right to a trial by jury.   *Buzzard* v. *Houston*, 119 U. S. 347.

Where, in and of itself, the claim is in its nature essentially of a legal character, as is a cash or money claim, some substantial and well-defined ground of equity jurisdiction must exist, such as the enforcement of a lien as security for the cash claim, the necessity for discovery, the necessity for an accounting too complicated for a jury in a trial at law, etc.   But this rule cannot be abused by being employed as a mere pretext for bringing causes proper for a court of law into a court of equity.   *Russell* v. *Clark*, 7 Cranch, 69; *Gore* v. *Kramer*, 117 Ill. 176.

DOW, WALKER & WALKER, (JOSIAH BURNHAM, of counsel,) for appellee:

An assignee of a chose in action not assignable at common law need not sue in the name of the assignor,

but may file a bill in his own name.   Barbour on Parties to Action, (2d ed.) 529.

In equity a party in interest may always institute a suit in his own name, while at law he alone can sue in whom is vested the legal title.   *Frye* v. *Bank,* 5 Gilm. 332; *Montague* v. *Lobdell,* 11 Cush. 114;   *Trocothie* v. *Austin,* 4 Mason, 44;   *Hobart* v. *Anderson,* 21 Pick. 526.

Mr. CHIEF JUSTICE PHILLIPS delivered the opinion of the court:

The John G. Hoffman Manufacturing Company, a corporation, was the owner of certain inventions in fan-blowers, for which applications for letters patent had been made and were afterwards issued, and being desirous of having the same manufactured and sold, it entered into a contract with appellant by which it licensed the exclusive right to manufacture the invention, and the prices at which each machine was to be sold at retail and wholesale, and by the manufacturer, were fixed.   By numerous clauses of the contract the duties and rights of the parties thereto were declared and times of settlement fixed, and it was provided that for failure to comply with the agreement it might be terminated by either party on notice, and on such termination the appellant was to retransfer all patents to the other party to the contract. By the terms of that agreement the appellee, who was the president of the John G. Hoffman company and the owner of ninety-eight per cent of its stock, was to discharge certain duties and was given certain rights, for which his compensation was fixed.   Subsequently to the making of that agreement a contract was entered into between appellant and appellee, by which the latter was to render certain services, for which the former was to render certain considerations.   Disagreements having arisen between the parties to these two agreements, the first was terminated according to its terms, and the latter, so far as shown by the record, could be terminated at

any time. In January, 1889, the John G. Hoffman company transferred all its right, title and interest under the agreement first made, to John G. Hoffman, who filed this bill for a discovery, an accounting, and to compel the re-transfer of patents, etc. An answer and replication were filed, and the cause was referred to a master to take proof and report the same to the court, with his opinion on the law and the evidence. The contention of the appellant was, there was no privity between the complainant and the respondent and that there was no ground of equitable jurisdiction, and the amount claimed for personal services by the complainant had no relation to the original contract nor was it averred in the bill, and the amount found by the master was erroneous. The master reported in favor of complainant for $15,531.61 and allowed respondent a credit for $6760.27, and recommended a decree in favor of complainant for $8771.34, and that respondent re-assign the letters patent to complainant. To this report exceptions were filed before the master, which were overruled, and the exceptions were filed in court to the master's report, and were again overruled.

It is contended the bill does not state a cause of which equity has jurisdiction. To the bill the respondent filed a general demurrer, which was overruled, whereupon the respondent answered. By answering after a general demurrer is overruled the right to assign error in overruling the demurrer is waived. (*Brill* v. *Stiles*, 35 Ill. 305; *Gordon* v. *Reynolds*, 114 id. 118; *Bauerle* v. *Long*, 165 id. 340.) But aside from that waiver of the right to assign error in overruling the demurrer to the bill, a jurisdiction in equity exists where there are mutual accounts between the complainant and the respondent, and also where the accounts are all on one side but there are circumstances of great complication or difficulties in the way of adequate relief at law, or where a fiduciary relation exists and a duty rests upon the respondent to render an account. In all such cases there is a jurisdiction

in equity.  But in addition to this, in this bill the complainant seeks to have a re-transfer of certain letters patent, which is a matter peculiarly within the jurisdiction of equity.  Under the evidence, and the report of the master thereon, the matters of account, including various items growing out of the agreement, required a discovery, which is made by the answer.

It is clear the subject matter of the bill was within the equitable jurisdiction of the court.  The contention that it included the second contract, under which certain personal service was rendered appellant by appellee, would not defeat the equitable jurisdiction of the court, as the evidence shows the account as kept by the appellant was kept as a single account with the complainant alone, as if there was but a single contract, and reports of sales were not made or accounts rendered to the complainant by the respondent.  The court having jurisdiction of the parties and subject matter and the issue having been made as to any existing indebtedness, the court was not required to retain jurisdiction as to a part and refuse to consider another part, and have the rights of the parties litigated by piecemeal.  *Herrick* v. *Lynch*, 150 Ill. 283.

The account kept by appellant on both these contracts was kept as one account against the appellee, and in determining the account under the first contract, under which there was jurisdiction in equity, much complication having resulted from the manner of keeping the accounts by appellant, it was not error to adjust the balance of the claim of payments made by appellant by first applying it to the second account, and the residue to the account on which the bill was based.  This was no more than an appropriation of payments where no specific appropriation had been made by the parties, and substantial justice between the parties was thus effected.

All the right, title and interest of the John G. Hoffman Manufacturing Company, under the agreement, was

transferred to the appellee, who was complainant below. The corporation had no further interest in the agreement and was in no manner affected by the decree, and the rule is, where the assignment is absolute and valid, and no interest is retained by the assignor in equity, the assignee may institute a suit in his own name. (*Frye* v. *Bank of Illinois*, 5 Gilm. 332; *Montague* v. *Lobdell*, 11 Cush. 114; *Trocothie* v. *Austin*, 4 Mason, 44; *Miller* v. *Bear*, 3 Paige, 466; *Hobart* v. *Anderson*, 21 Pick. 526; *Whitney* v. *McKinney*, 7 Johns. Ch. 144; *Brace* v. *Harrington*, 2 Atk. 235.) It was not necessary to file the bill in the name of the John G. Hoffman Manufacturing Company or make it a party, and the complainant had a right to file the bill in his own name.

It is also contended, the reference being to the master to take evidence and report the same, together with his conclusions on the law and fact, and his report being his conclusions on fact only, no decree could be rendered on that report. Appellant filed its exceptions before the master, where they were overruled, and it appeared and filed its exceptions in the circuit court. It might, by a motion for a rule requiring the master to report the evidence and file the same, have had the order of reference strictly complied with. Its failure to do so did not render necessary another reference or defeat the report. By not making such motion it was a waiver of that part of the order of reference, and cannot be assigned as error. Appellant had no right to have its exceptions considered by the court and suffer a decree to be entered thereon, and then seek to set aside the decree because previously a motion was not made requiring the evidence to be reported. It had a right to waive that requirement of the order, and from what appears in the record it did so.

We find no reversible error, and the judgment of the Appellate Court for the First District is affirmed.

*Judgment affirmed.*