JACOB GLOS

*v.*

FLORENCE BECKMAN.

*Opinion filed November 1, 1897.*

1. PLEADING—*answering waives error in overruling general demurrer.* One answering over after the overruling of his general demurrer thereby waives his right to assign such overruling as error.

2. APPEALS AND ERRORS—*when decree is not sustained by the record.* A decree setting aside a tax deed is not sustained by the record, on appeal, in the absence of a certificate of evidence or a finding of facts in the decree.

3. COSTS—*costs on bill to set aside tax deed—tender.* On a bill to set aside a tax deed the complainant must pay all costs, unless a sufficient tender has been made and refused before incurring them.

APPEAL from the Circuit Court of Cook county; the Hon. ELBRIDGE HANECY, Judge, presiding.

ENOCH J. PRICE, for appellant.

COWEN & HOUSEMAN, for appellee.

Mr. CHIEF JUSTICE PHILLIPS delivered the opinion of the court:

Appellee filed a bill to set aside a tax deed held by appellant to three lots, to which a general demurrer was interposed, which was overruled. The defendant then answered, and a replication was filed, and a decree was entered as prayed for in the bill. This appeal is prosecuted, and errors are assigned in overruling the demurrer, in entering the decree and in awarding costs against the appellant.

By answering over after his general demurrer was overruled the appellant waived his right to assign error in overruling the demurrer. *Bauerle* v. *Long*, 165 Ill. 340, and authorities cited.

No facts are found in the decree and there is no certificate of evidence. There is nothing in this record to sustain the decree, hence there is error. *Ryan* v. *Sanford*, 133 Ill. 291; *White* v. *Morrison*, 11 id. 361; *James* v. *Bushnell*, 28 id. 158; *Marvin* v. *Collins*, 98 id. 510; *Jackson* v. *Sackett*, 146 id. 646; *Bennett* v. *Whitman*, 22 id. 449; *First Nat. Bank* v. *Baker*, 161 id. 281; *McIntosh* v. *Saunders*, 68 id. 128.

No tender of the amount of taxes was made before costs were incurred, and this decree requires the defendant to pay the costs of this suit. This was error. The rule is, that on a bill to set aside a tax deed the complainant must pay all costs, unless a sufficient tender is made and refused before incurring costs. *Gage* v. *Busse*, 102 Ill. 592; *Gage* v. *Arndt*, 121 id. 491; *Mecartney* v. *Morse*, 137 id. 481.

The decree of the circuit court of Cook county is reversed and the cause is remanded.

*Reversed and remanded.*