THE DAVIS PAINT MANUFACTURING COMPANY

*v.*

THE METZGER LINSEED OIL COMPANY.

*Opinion filed December 20, 1900.*

1. PLEADING—*averments not admitted by answer must be proved.*  A material averment of a bill which is not admitted by the answer must be supported by proof.

2. PRACTICE—*in chancery—party in whose favor decree is rendered must preserve the evidence.*  In order to sustain a decree granting affirmative relief, the successful party must preserve the evidence or the decree itself must find that facts were proven which will sustain it.

3. SAME—*in chancery it will not be presumed that evidence not shown in the record was heard.*  On appeal in a chancery case it will not be presumed that any other proof was made than that which appears in the record.

4. SAME—*when decree must be reversed.*  A decree granting affirmative relief must be reversed if there is no evidence preserved in the record and no facts are found by decree to have been proven.

*Davis Paint Manf. Co.* v. *Metzger Oil Co.* 90 Ill. App. 117, reversed.

WRIT OF ERROR to the Branch Appellate Court for the First District;—heard in that court on writ of error to the Circuit Court of Cook county; the Hon. EDMUND W. BURKE, Judge, presiding.

This is a bill filed in the circuit court of Cook county on January 11, 1895, by the defendant in error, the Metzger Linseed Oil Company, against the plaintiff in error, the Davis Paint Manufacturing Company, to set aside a judgment theretofore rendered in favor of the plaintiff in error against the defendant in error, and to obtain a new trial of the cause, and in the meantime to restrain the levy of execution under the judgment.  Judgment was rendered on November 10, 1892, before a justice of the peace for $150.00 and costs.  On November 14, 1892, the defendant in error, against whom the judgment was rendered before the justice, prayed an appeal from the judgment to the circuit court, and gave a bond which was

approved by the justice of the peace. On March 7, 1893, the transcript and appeal bond were filed in the circuit court. On June 1, 1894, the appeal was dismissed on the motion of the present plaintiff in error at the costs of the defendant in error, and judgment was entered against the defendant in error for the full amount, and costs, and ten per cent statutory damages. It is the latter judgment, which is sought to be set aside by the present bill.

The bill was demurred to, and the demurrer was sustained. Leave was then granted to amend the bill, and demurrer was filed to it as amended, which demurrer was also sustained. Leave was again given to defendant in error to amend its bill, and to the bill as finally amended a demurrer was filed but was overruled. Thereupon, the present plaintiff in error, who was made defendant to the bill, answered the same, denying most of the material allegations of the bill, and neither admitting nor denying other allegations which were material. The record does not show, that any replication was filed, although the final decree rendered by the court recites, that the cause came on to be heard upon the bill of complaint, the answer filed thereto, and the replication of the complainant to such answer.

The circuit court rendered a decree, ordering that the judgment against the defendant in error should be vacated and set aside, and the cause re-instated upon the docket and calendar of the circuit court the same as though said order of June 1, 1894, had never been entered, and that the defendant in said suit and complainant in this suit had the right to appear in said cause, and make its defense. The decree further ordered that the plaintiff in error herein, the defendant below, be perpetually enjoined from attempting to enforce the judgment against the defendant in error. A writ of error was sued out from the Appellate Court for the purpose of reviewing the decree thus entered by the circuit court. The Appellate Court has rendered judgment affirming

said decree. The present writ of error is sued out for the purpose of reviewing the judgment of affirmance so entered by the Appellate Court. The Appellate Court has granted a certificate of importance.

JAMES H. HOOPER, for plaintiff in error.

W. N. GEMMILL, for defendant in error.

Mr. JUSTICE MAGRUDER delivered the opinion of the court:

The final decree, rendered by the circuit court in this case, was so rendered on June 29, 1899, and this decree, rendered on June 29, 1899, is the decree which has been affirmed by the judgment of the Appellate Court. There is no certificate of evidence in the record, and no evidence appears to have been taken in the cause. The decree recites no finding of facts to support it. The material averments of the bill are either denied by the answer, or neither admitted nor denied therein. In such case, the material averments must be supported by proof.

It devolves upon the party, in whose favor a decree in chancery is rendered, to preserve the evidence that will sustain the decree, or the decree itself must find that facts were proven which will sustain it. (*Axtell* v. *Pulsifer*, 155 Ill. 141). The rule is well settled that, where a material averment in a bill is neither admitted nor denied by the answer, it must be supported by proof. (*Wilson* v. *Augur*, 176 Ill. 561; *Llewellin* v. *Dingee*, 165 id. 26; *Litch* v. *Clinch*, 136 id. 410). In proceedings in chancery, the party seeking to sustain a decree in his favor must preserve the evidence, upon which it is based, in the record in some proper form; and when this is not done, no presumption will be entertained that evidence sufficient to sustain the decree, not appearing in the record, was heard. (*Jackson* v. *Sackett*, 146 Ill. 646). In chancery it will not be presumed that any other proof was made than what appears

in the record, and if the proof thus appearing does not sustain the decree, it will be reversed. (*Ryan* v. *Sanford,* 133 Ill. 291). Where, as here, no facts are found in the decree, and there is no certificate of evidence, there is nothing in the record to sustain the decree, and, hence, there is error, which requires a reversal of the decree. (*Glos* v. *Beckman,* 168 Ill. 74).

For the reasons above stated, the judgment of the Appellate Court and the decree of the circuit court are reversed, and the cause is remanded to the circuit court with directions to proceed in accordance with the views herein expressed.

*Reversed and remanded.*