# Lachman Marks v. Metzger Linseed Oil Company, et al.
## Gen. No. 11,262.

1.   REVERSING AND REMANDING ORDER—*effect of failure to file, within two years*.   When neither party files a certified copy of the order of reversal and remandment within two years from the time of the making of the final order in the appeal, the cause is deemed to have been aban-

doned, and an injunction which previous to such order of reversal existed therein, necessarily becomes void and of no effect after the lapse of such period.

Proceeding under section 25 of the General Incorporation Act. Appeal from the Circuit Court of Cook County; the Hon. ELBRIDGE HANECY, Judge, presiding. Heard in this court at the October term, 1903. Reversed and remanded with directions. Opinion filed April 11, 1904.

JAMES H. HOOPER, for appellant.

No appearance for appellees.

MR. JUSTICE WINDES delivered the opinion of the court.

Appellant, the assignee of a judgment obtained by the Davis Paint Manfg. Co. before a justice of the peace against the Metzger Linseed Oil Co., filed a bill against the latter company and one Highley, a stockholder therein, under section 25 of the Corporation Act, to secure payment of the judgment, a dissolution of the corporation and a winding up of its business, the appointment of a receiver, and asking general relief. Appellees demurred specially, assigning as causes of demurrer, that the injunction mentioned in said bill was never dissolved; that there is no allegation that the remanding order was ever filed in the Circuit Court, or that the cause was ever redocketed in the Circuit Court, as decreed by the Supreme Court, and that the injunction enjoining the collection of said judgment is still in full force. This demurrer was sustained, and the bill dismissed for want of equity, from which decree this appeal is taken.

Besides the usual allegations of a bill under said section 25, the bill alleges, in substance, that after the paint company obtained the judgment against the oil company, the latter filed a bill against the former for the purpose of and obtained a decree in the Circuit Court of Cook county perpetually enjoining the collection of the judgment; that this decree was affirmed on writ of error by the Appellate Court, but on a further writ of error to the Supreme Court the latter court on December 20, 1900, reversed the decree and remanded the cause to the Circuit Court for fur-

ther proceedings (188 Ill. 295); but that no reversing and remanding order from the Supreme Court was filed in said Circuit Court within two years after December 20, 1900, and that said injunction is and was thereby abandoned. Section 84, ch. 110, Rev. Stat. (Hurd's) is, viz: "If nei-ther party shall file such transcript (a certified copy of the reversal and remandment) within two years from the time of making the final order of the Supreme Court or Appel-late Court, as the case may be, reversing any judgment or proceeding, the cause shall be considered as abandoned, and no further action shall be had therein."

By virtue of the facts alleged in the bill, and this stat-ute, it seems clear that none of the causes of demurrer were well taken, and that the court erred in dismissing the bill. Koon v. Nichols, 85 Ill. 155; Board, etc., v. People, 189 Ill. 439-54.

The decree sustaining the demurrer to and dismissing the appellant's bill is therefore reversed and the cause re-manded to the Circuit Court of Cook county, and that court is directed to overrule the demurrer.

*Reversed and remanded with directions.*