HENRY KOLMER, Appellee, *vs.* STEPHEN A. MILES *et al.* Appellants.

*Opinion filed October 27, 1915—Rehearing denied Dec. 9, 1915.*

1. PARTITION—*partition decree should not decree mortgage lien on property not covered thereby.* It is error in a partition proceeding to decree a mortgage lien upon all of the property sought to be partitioned where one tract of the land is not covered by the mortgage.

2. The other questions involved are controlled by the decision in *Kolmer* v. *Miles,* (*ante,* p. 20.)

APPEAL from the Circuit Court of Monroe county; the Hon. GEORGE A. CROW, Judge, presiding.

B. R. BURROUGHS, JOSEPH W. RICKERT, and BROWN-RIGG & MASON, (E. E. SCHNEPP, guardian *ad litem,*) for appellants.

CHARLES MORRISON, and TURNER & HOLDER, for appellee.

Mr. JUSTICE DUNN delivered the opinion of the court:

This was a suit for the partition of a part of the lands devised by the will of Stephen W. Miles to his wife and children. It involves the same question of the construction of the will of Stephen W. Miles as was involved in the case of *Kolmer v. Miles,* (*ante,* p. 20.) In accordance with the decision in that case the estate devised to the children of Stephen W. Miles must be held to be a life estate, with remainder in fee simple to Stephen W. Miles' grandchildren.

There is one other point in this case. Philip M. Gundlach holds a mortgage lien which the decree found covered the interest of Stephen A. Miles, Horine Miles, Edward D. Miles and Lenore Gibler in all the property sought to be partitioned. This was erroneous, because the land described in the mortgage does not include one tract of 29.34 acres of the land described in the bill and sought to be partitioned but covers only the other four tracts.

The decree is reversed and the cause remanded, with directions to enter a decree in accordance with the views herein expressed.

*Reversed and remanded, with directions.*