(No. 20989.

GERTIE BALDWIN *et al. vs.* RAY W. BALDWIN *et al.* Defendants in Error.—(ALENE BALDWIN *et al.* Plaintiffs in Error.)

*Opinion filed February 19, 1932.*

D. F. MOORE, for plaintiffs in error.

W. H. HART, MOSES PULVERMAN, and W. JOE HILL, for defendants in error.

Mr. JUSTICE ORR delivered the opinion of the court:

This writ of error was sued out by certain minors and others, complainants below, to review a decree of partition entered by the circuit court of Franklin county. The real estate involved in the proceeding consisted of farm land, mineral rights and three lots in the city of Benton. This property was owned by William A. Baldwin, who died intestate in 1922, leaving a widow and eight children, including four minors, surviving him. At the time of his death Baldwin owed a debt of $1600 to the Franklin County Building Association secured by a mortgage on the three lots in Benton. The Benton State Bank held a $3000 mort-

gage on another tract securing notes signed by Baldwin and wife.

Among the errors assigned it is pointed out that by the decree of partition the two mortgages above mentioned are not only confirmed as a lien upon the premises described in each mortgage, but the decree also makes these mortgages a lien on the sale proceeds of all the property involved. Reference to the decree bears out this contention. No separate sale of the mortgaged premises is provided for by the decree. Without a separate sale the sale proceeds would be commingled, and it would afterwards be impossible to separate and apply the proceeds arising from a sale of the mortgaged premises to the property specifically covered thereby. Mortgaged portions of a tract to be partitioned should be treated as distinct parcels. (*Cheney* v. *Ricks*, 168 Ill. 533.) It is error, in a partition proceeding, to decree a mortgage lien upon all of the property sought to be partitioned where one or more tracts of the land involved are not covered by the mortgage. *Kolmer* v. *Miles*, 270 Ill. 218.

No certificate of evidence is preserved and the decree in many particulars is not supported by findings of fact. Thus, in the matter of solicitors' fees, the decree, without any prior findings of fact, recites as follows: "It is further ordered, adjudged and decreed by the court that Layman & Johnson, solicitors, be allowed the sum of one thousand dollars ($1000) for solicitors' fees, and that Tilman B. Cantrell, guardian *ad litem* for infant complainants in amended bill and infant defendants in cross-bill, be allowed the sum of fifty ($50) dollars for his services herein, said fees of solicitors and guardian *ad litem* to be taxed as costs." An allowance of solicitor's fees cannot be sustained where no evidence showing what services the solicitor performed, or the value thereof, is preserved in the record. (*Matheny* v. *Bohn*, 164 Ill. 495.) In *Davis Paint Co.* v. *Metzger Oil Co.* 188 Ill. 295, this court said: "Where, as here, no

facts are found in the decree and there is no certificate of evidence there is nothing in the record to sustain the decree, and hence there is error which requires a reversal of the decree." This same rule was announced in *Bliss* v. *Seeley*, 191 Ill. 461, and has been repeatedly stated by this court.

The two errors above pointed out appear in the decree of partition and clearly require a reversal of this decree. We have examined the twelve other assignments of error and find them without merit.

The decree of the circuit court is reversed and the cause remanded.

*Reversed and remanded.*